MINNIE ENGLISH, Respondent, *v.* JOEL HANFORD, Appellant.

*Breach of warranty of personal property — effect of the purchase price being unpaid — verdict of fraud.*

No action will lie on a warranty unless the title to the property alleged to have been warranted has fully passed to the buyer, and when a sale of personal property, conditional to become absolute on the payment of the full price thereof, which falls due in installments, it is essential before an action can be maintained to recover damages for a breach of warranty that the property be paid for in full.

Before the verdict of a jury establishing a person's liability for fraudulent representations can be upheld he is entitled to a clear and intelligent presentment of the questions relating to the fraud to the jury.

When an action has been treated as one to recover damages for a breach of warranty, a verdict for the plaintiff will not be sustained, on the ground that the evidence justified a finding of fraud on the part of the defendant, where that aspect of the case was not submitted to the jury.

APPEAL by the defendant, Joel Hanford, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 5th day of November, 1893, upon the verdict of a jury for seventy dollars, after a trial at the Tompkins County Circuit, and also from an order entered in said clerk's office on the 9th day of October, 1893, denying the defendant's motion for a new trial.

At the Circuit the jury rendered a verdict for the plaintiff in the sum of seventy dollars. Plaintiff, in her complaint, alleged that in August, 1887, "she was induced by the defendant to purchase of him an Ithaca organ No. —, upon representations by the defendant that said organ was new and first class in every particular, and which plaintiff believed and relied upon. That defendant, for the purchase price of said organ, induced plaintiff to make her promissory note to him for sixty-five dollars, after obtaining ten dollars cash down." Her complaint also contained the following allegation : "That defendant now has, by reason of his fraud, deception and misrepresentations, and breach of warranty to plaintiff, forty-six dollars of plaintiff's money, besides said organ, and plaintiff's note, upon which there is due and unpaid about twenty-five dollars. That by reason of the foregoing, defendant was guilty of a gross fraud, constituting a breach of warranty of said organ to plaintiff's damage in the sum of one hundred and fifty dollars." The answer contained a denial of the allegations of the complaint and sets up that the defendant delivered to the plaintiff an organ "upon the express agreement that the plaintiff should pay to defendant on account thereof the sum of sixty-five dollars, in monthly payments of five dollars on the first day of each month ; and that when the said sum of sixty-five dollars, with annual interest thereon, should be paid, the said organ should become the property of the plaintiff ; and that until said sum of sixty-five dollars and interest should be so paid, the title thereto remained in the defendant with the right, on his part, to retake the said organ out of the possession of the plaintiff, on default of payment, as above specified." The

answer of the defendant also contained the further allegation : " That the said agreement for conditional sale was duly rescinded, and in or about the month of August, 1892, the defendant retook from the plaintiff, by process of law, the possession of the said organ, pursuant to the terms of the agreement aforesaid."

*Jared T. Newman,* for the appellant.

*Raymond L. Smith,* for the respondent.

HARDIN, P. J.:

At the commencement of the trial the defendant's counsel asked the court to direct the plaintiff's counsel " to elect whether he will prosecute this action for deceit in tort, or whether for breach of warranty on contract." Thereupon the court observed : " As I understand it, it is announced to be an action for breach of warranty. * * * You do not claim now that there is anything but a breach of warranty ? " To which question the plaintiff's counsel replied : " That is all." When the defendant was giving evidence, the question arose as to whether it was admissible to prove the rental value of the organ in the fall of 1887. In connection with the objection the court observed : " If there was no warranty, then there is no liability." Thereupon the counsel for the defendant observed : " Do I understand the Court takes the position that if they can recover damages at all, it must be for a breach of warranty ? " To which the court replied : " It must be for a breach of warranty and nothing else. * * * You must defend this action upon the ground that you made no such representation and that there was no warranty, or you fail to defend it in my judgment ; and they must maintain their action upon their complaint upon the ground that there was a warranty and there was a breach of it. I think you are entitled to offset anything in this action that would offset the purchase price." At the commencement of the charge, the trial judge said : " This is an action brought by Minnie English against Joel Hanford to recover for a breach of warranty in the sale of an organ ; " and further on he said : " The first question for you to proceed with, gentlemen, is, was there a warranty of this kind ? Did he warrant it to be a new organ unused ? " and in referring to the question of damages, the court used the following language : " If she has suffered any damages, gentlemen, I shall charge you that

the rule of law in this case is that she is entitled to recover the difference between the value of a new organ as represented, unused, and this organ in the condition in which it was at the time it was delivered to her." From the foregoing events and incidents occurring upon the trial, we think the action was treated as one upon a warranty, and damages were sought to be recovered for a breach of warranty; and that, unless the verdict can be maintained upon the theory that the plaintiff was entitled to recover for a warranty, it ought not to be sustained. At the close of the negotiations between the parties in respect to the organ, the plaintiff executed an instrument containing the following language:

"$65.00.                                        ITHACA, *Aug. 2d,* 1887.

"One year after date, I promise to pay Joel Hanford sixty-five dollars, value received, as follows: five dollars the first of every month until paid.

"When $65.00, with annual interest, is paid, Ithaca Organ No. 9058 is my property; until paid, the title remains in said Joel Hanford, or holder of this, with the right to retake it out of my possession on default of payment as above specified.

"(Signed.)                    MRS. WAKEMAN ENGLISH."

Possession of the organ was given to and taken by her and she remained in possession until after she had made default in complying with the terms of her contract with the defendant. She testifies the organ was taken from her possession July 23, 1892. She was in default in making her payments before the property was removed from her possession. The evidence clearly shows that she never completed her contract for the purchase and that she never had a clear, full, absolute, unconditional title to the property prior to the commencement of this action.

In Benjamin on Sales, under the head of Remedies of the Buyer, at page 865, are found the following words: "But no action will lie on a warranty unless the title has fully passed to the buyer. Therefore, where the sale was conditional on payment of the full price which was due in installments, and the last installment had not been paid, it was held in *Frye* v. *Milligan* (10 Ont. R. [1885] 509), that no remedy yet existed on the warranty." (Benjamin on Sales [Bennett's edition of 1885; 1892], 906.)

In *Osborn* v. *Gantz* (60 N. Y. 540) it was held, viz.: "A warranty is an incident only of a completed sale; it has no present vitality and force in an executory contract of sale." 

(2) It is now sought to maintain the verdict on the ground that the evidence would have justified a finding of fraud on the part of the defendant. The case was not submitted to the jury in that aspect, and before the verdict shall be upheld that establishes the defendant's liability for fraudulent representations he is entitled to a clear and intelligent presentment of the questions relating thereto to the jury. (*Mayo* v. *Knowlton*, 134 N. Y. 251.) We think that there should be a new trial ordered.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.