ROACH v. CURTIS et al.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. SALES—CONDITIONAL—WAIVER OF RIGHTS—QUESTION FOR JURY.

Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, provides that, where a seller retakes goods sold with a reservation of title in himself until they are paid for, he must sell them at public auction within 60 days thereafter, unless they may have been redeemed by the buyer; and that, unless the seller makes such sale, he shall be liable to the buyer for the amount paid on the purchase price. *Held*, that where the seller had reacquired the goods, and there had been negotiations pending for an adjustment of the matter, it was for the jury to determine whether the buyer had waived her right to insist upon the seller complying with the statute.

2. SAME—RIGHTS OF BUYER.

The seller, having retaken the goods and failed for more than 60 days thereafter to sell them, was liable under the statute to the buyer for the amount paid on them, notwithstanding the buyer's failure to accept an offer of a return of the goods on the payment of the balance due.

3. JUDGMENT—CONCLUSIVENESS—EFFECT OF REPLEVIN JUDGMENT.

The seller having replevied the goods, the buyer's failure to defend the action or to ask judgment that the property be sold by the seller pursuant to the statute did not bar her right to recover what she paid on

the goods, because the replevin suit was only conclusive as to the right of the seller to the possession of the goods.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§. 1263, 1265.]

**4. SALES—CONDITIONAL—NO TITLE IN BUYER.**

Where goods were sold with a reservation of title in the seller until they were paid for, he had a right to retake them on default, and no title vested in the buyer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1420.]

**5. SAME—STATUTE CONSTRUED.**

Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, provide that, where a seller retakes goods sold with a reservation of title in himself until they are paid for, he must sell them at public auction within 60 days thereafter, unless they may have been redeemed by the buyer; and that, unless the seller makes such sale, he shall be liable to the buyer for the amount paid on the purchase price. *Held*, that the section has application to cases where goods are retaken by replevin, as well as where they are surrendered voluntarily.

**6. JUDGMENT—CONCLUSIVENESS.**

A judgment is not a bar to a cause of action accruing after the rendition of the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§. 1115, 1116.]

**7. SALES—CONDITIONAL—RESALE BY SELLER.**

Where goods were sold under an agreement reserving title in the seller until they were paid for and giving him a right on retaking to sell at private or public sale, and he retook them, but made no sale, he was estopped to claim that the buyer waived the provisions of Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, requiring the seller to sell the goods at public auction within 60 days from the retaking.

**8. SAME.**

Where in default of payment a seller replevied goods sold with a reservation of title in himself until they were paid for, and the buyer made no appearance in the action, her attempt to open a default cannot be construed as an abandonment of her rights under Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, providing that, where the seller retakes goods, he is liable to the buyer for the amount paid on them, unless he sells them at public auction within 60 days from the retaking.

McLennan, P. J., dissenting.

Appeal from Special Term, Onondaga County.

Action by Ella E. Roach against William H. Curtis and another. From a judgment for plaintiff (100 N. Y. Supp. 411), defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frank Hopkins, for appellants.

Edward C. Ryan, for respondent.

SPRING, J. In January, 1903, the firm of Brown, Curtis & Brown, now consisting of the defendants, sold to the plaintiff a quantity of furniture for the sum of $148, to be paid for in monthly installments of $10 each, with interest. The said sale was made pursuant to a written order signed by the vendee, and it provided that the title to said property should remain in the vendors until the purchase price

was fully paid. The said instrument further provided that, upon default of any payment, the vendors might retake the property "without legal process, and the balance of said purchase price shall become due and payable forthwith; and in case you take possession on default in payment, you are hereby authorized to sell said property at public or private sale and apply the proceeds of such sale (less the costs and expenses thereof) upon said purchase price." The vendee paid $94 of the purchase price and made default for several months. She refused to deliver up the property on demand, and an action for its recovery was commenced in the Supreme Court in January, 1905. The complaint alleged the ownership and right to possession in the plaintiffs. No answer was interposed, and judgment was entered on default, and a formal decision made containing findings of fact in accordance with the allegations of the complaint, and a conclusion of law determining that the plaintiffs were the owners and entitled to the possession of the property, and fixing its value at $145.90. Judgment was entered following the decision awarding the possession of the property to the plaintiffs in the action, or judgment for its value in case possession could not be had, with $31.50 costs.

The plaintiffs had not retaken the property pending the action, but execution was issued upon the judgment, and it was taken by the sheriff and delivered to the vendors in February, 1905. Within the 30 days after the retaking of the property, the vendee did not comply with the agreement by offering to pay the balance of the purchase price unpaid and the costs of the replevin action. The proof is somewhat unsatisfactory as to the action of the defendants with reference to the sale of the goods. The plaintiff and her attorney testified that the defendant Curtis informed them in November that the property had been sold at public auction, and no denial of this conversation was made. Mr. Hopkins, the attorney for the defendants, testified that the goods were kept on hand awaiting the decision of the plaintiff to reacquire the same upon the payment of the balance unpaid and the costs; but it later developed he had no personal knowledge that the goods were retained by the defendants. The question is not important, for there is no claim that the goods, if sold at all, were sold within 60 days after the defendants retook the same, and no accounting was ever made to the plaintiff, and no notice of sale was ever given to her.

Section 116, c. 418, p. 541, Laws 1897, as amended by chapter 762, p. 1624, Laws 1900, provides that, where goods are retaken by a vendor pursuant to a contract of sale like the present one, he must retain the goods for 30 days to enable the vendee to perform his agreement. If the vendee fails in this regard, the vendor may sell the articles at public auction within 30 days thereafter, and, if he omits to do this, the vendee may recover of the vendor the amount paid on the purchase price of the goods. This statute is for the benefit of a vendee who has been unable to meet his contract fully, and was obviously designed to cover sales made on the installment plan by a vendor, reserving title in himself, with the right to retake the property upon default of payment. It, however, protects the vendor by making full performance a prerequisite to the acquirement of the property by the vendee. It

imposes the obligation upon him to repay to the purchaser the amount he paid for the goods, unless he sells them at public auction, and in that provision is the benefit to the vendee who is unable to pay according to his contract.

After the judgment in the replevin action, the vendee made a motion at Special Term to open the default, which was denied, with leave to renew. During this time negotiations were had between the present plaintiff, through her attorneys, and the attorney for the defendants, for the purpose of enabling the plaintiff to become vested with the property or to adjust their controversies in some way; and in November negotiations were also had with Mr. Curtis, and a demand made for the amount paid on the purchase price. There was a conflict in the evidence upon the trial over these negotiations and conversations, and the jury, after a proper submission of the questions of fact, have determined there was no waiver by the plaintiff of her right to insist upon the defendants complying with the statute referred to, and that question was peculiarly within the province of the jury. Adams v. Roscpe Lumber Co., 159 N. Y. 176, 53 N. E. 805.

The defendants evidently were willing to return the property to the plaintiff upon receiving the balance of the purchase price and the costs. The failure of the plaintiff to accept that offer did not relieve them from selling the property at public auction or pay to the plaintiff the amount she had paid. The statute was intended to cover just the case of a vendee failing to pay and take the property. The vendors did not sell the property. They acquired it in February, and, even if they were justified in retaining it until the decision in April of the motion to open the default, they slept on their rights long after the expiration of the 60 days from that time in which they were permitted to sell the property at public auction.

The defendants contend that the judgment in the replevin action is a bar to the present action, on the ground that the contractual rights of the parties were merged in that judgment, and that is the serious proposition in the case. The gist of the action of replevin is to recover the possession of property. Sinott v. Feiock, 165 N. Y. 444, 445, 448, 450, 59 N. E. 265, 53 L. R. A. 565, 80 Am. St. Rep. 736; Wood v. Orser, 25 N. Y. 348. It is quite common and proper to allege in the complaint that the plaintiff is the owner of the property sought to be recovered. This allegation is, however, for the purpose of confirming the right of possession in the plaintiff, and it is incidental to the chief feature of the action, which is to obtain the custody of the property. The verdict of the jury fixing the value of the chattel, while it is withheld by the defendant, is for the purpose of preventing the defendant, a wrongdoer, from depriving the plaintiff of his right to recover. Otherwise, the judgment might be a barren victory to him, and he might be compelled to resort to another remedy. When the action of replevin was commenced against the present plaintiff, the property was not retaken from her. She had no title to it. The ownership remained in the vendors. They also had the right of possession, for she had defaulted in the payments. She therefore had no defense to the action. She could not expect by answering to prevent the vendors from regain-

ing possession of the property, and that was the primary purpose of the action.

It is contended that she might have appeared and obtained some provision in the judgment securing to her a sale of the property in pursuance to the statute, or, in case of the vendors' neglect to do that, the right to recover the purchase price paid by her. We find no warrant in the Code of Civil Procedure for a judgment of that kind. The action is upon the assumption that the defendant is a wrongdoer guilty of a tort in withholding the chattel from the plaintiff. An order of arrest may be had against him. Section 549, subd. 2, and section 1714, Code Civ. Proc.; Sinott v. Feiock, 165 N. Y. 444–451, 59 N. E. 265, 53 L. R. A. 565, 80 Am. St. Rep. 736.

Damages may be awarded for the depreciation or injury to the property while detained unlawfully by the defendant. Code, § 1722. And, likewise, similar damages may be awarded to the successful defendant. Code, §§ 1725, 1726; also section 1730. But these remedies do not relate to a case like the present. Nor does section 1727 govern this case. The scope of that section is, where the action has terminated favorably to the defendant on some pertinent issue raised by the pleadings, the value of the property may be fixed. If the defendant has unlawfully distrained the chattel, doing damage, and his damages are less than the value of the chattel, the damages may be ascertained and fixed. In that case the defendant has a lien upon the property for the damages, and the right of the plaintiff to retake it is subordinate to the lien, which must be first paid. So, in the second subdivision of that section, the defendant succeeding as in the other instance and having a special property in the chattel, which must first be divested before the title of the plaintiff becomes clear of lien, the value of the property may be determined. Keeney v. Swan et al., 2 N. Y. St. Rep. 241. This section pertains to a case where the defendant has successfully resisted the plaintiff's claim to the right of possession, and also to the charge of unlawful detention, which are pregnant, issuable elements of the plaintiff's cause of action.

Mrs. Roach, the vendee, had no special property in the goods conditionally purchased. The agreement stipulated that the title remained in the vendors until full payment, and the right to retake the property became fixed upon default by her. No title, therefore, vested in her. Herring v. Hoppock, 15 N. Y. 409; Ballard v. Burgett, 40 N. Y. 314; E. S. T. F. Co. v. Grant, 114 N. Y. 40, 21 N. E. 49. She had no leviable interest in the goods. Case last cited; Strong v. Taylor, 2 Hill, 326. She could not have maintained an action for breach of warranty. English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672.

The provisions of the statute requiring a vendee on a sale of this kind to sell at public auction the goods retained do not operate to make any change in the relations of the parties to the property. It did not add anything to the interest therein already possessed by the plaintiff. The statute only imposed a burden upon the vendors which did not begin to be operative until they had reacquired the property. Mrs. Roach therefore had no defense to the replevin action, and we find no authority in the Code, or elsewhere, for the suggestion that she might have ap-

peared and obtained a provision in the judgment that the property when retaken should be sold by the vendors pursuant to the statute mentioned, or with the other privileges accorded by that statute which might be available to her.

The purpose of the action was subserved when the vendors were awarded the possession of the property. It is urged that the judgment established their ownership to the property. That may be true, but the contract or bill of sale did the same thing. She could not controvert a fact so indisputable. They were the owners, but the provisions of the statute were not nullified by the judgment. The terms of the statute did not become effective until after the entry of the judgment and the reacquirement of the property by the defendants. It may be, where the vendee has wrongfully parted with the property, so that the vendor is unable to regain it in specie, that the defendant may appear and limit the finding of value to the interest of the plaintiff therein. But the absolute right of the vendors to retake the property cannot be abridged. When they have accomplished that purpose, the statute still engrafts upon the transaction for the protection of the vendee the necessity of making a sale of the goods by auction to relieve the vendor from repaying the amount paid on the purchase price. During all the time, however, the ownership of the vendor remains unaffected.

There is nothing in the statute limiting its scope to a voluntary retaking of the property by the vendors. The aim is to protect the vendee for the payment he has made, and, if the property is lessened in value, the vendors may protect themselves from loss by a sale at public auction. Whether the property is returned by action at the instance of the vendors, or by a retaking without action, the actual relations of the parties to the property remain unchanged, except that the vendee should be chargeable with the expenses incurred by the vendor in the reacquiring of the property, and that would be true upon any retaking.

We certainly do not intend to trench upon the well-established rule that a judgment on the merits of a court of competent jurisdiction is a bar both as to whatever was in fact litigated in the action and as to what might properly have been determined thereby. It is not an estoppel even as between the parties upon a different claim from that determined by the judgment. Felix v. Devlin et al., 50 App. Div. 331, 64 N. Y. Supp. 214; Cromwell v. Co. of Sac, 94 U. S. 351, 24 L. Ed. 195. The test of conclusiveness of the prior judgment is whether the subject-matter of the two actions is identical. The only material feature established by the judgment in the replevin action was the right of the vendors to the possession of the property, and the judgment is only a bar upon that issue. Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305. Ownership was not necessarily involved, and the judgment is not a bar on that issue. Honsinger et al. v. Union Carriage & Gear Co., 175 N. Y. 229, 67 N. E. 436. But, assuming the previous judgment determined the ownership of the property as well as the right of possession, there is nothing in the pending action impugning the verity of the judgment as to these two characteristics. The claim of the plaintiff is that the defendants failed to sell the property retaken

in compliance with the statute, and because of that failure she has recovered the purchase money paid by her. She did not become revested with the title. She has not attacked the ownership of the defendants. There is no interference with their possession. They have retained the goods or sold them voluntarily, and their right to do so is in no way involved in this action.

But there are other significant reasons why the plaintiff is not estopped by the judgment in the replevin action. A judgment is an estoppel only to the extent that the parties might have litigated their controversies in the action upon which the judgment is founded. In an action where a counterclaim is not permissible, the demand which might otherwise have been allowed to the defendant is not cut off by the judgment. In the present case the requirement of the statute could not have been litigated. It was not a defense. If the vendee had attempted by answer or otherwise to raise that question, she would only have added to her burden of costs. The property was not then in the possession of the vendors. It might never be retaken by them.

Again, a judgment is not a bar to a cause of action which does not accrue until the entry of the former judgment. Rose v. Hawley et al., 133 N. Y. 315, 31 N. E. 236. The plaintiff had no cause of action at the time of the pendency of the replevin action. She then was in possession of the property, and her claim did not arise until long after the judgment. The vendee refused to deliver the property to the vendors upon demand. They were, accordingly, put to the necessity of resorting to an action to obtain the property. The expenses incurred by them in regaining possession are chargeable to the vendee, and they were deducted by the jury from the amount of the purchase price paid by her, as was also the value of some articles not obtained by the vendors. In view of the provisions of the statute, justice has been accomplished by the verdict of the jury. The plaintiff has recovered what she paid for the goods, less the counterclaim of the expenses of the replevin action; and the value of the property fixed in the replevin judgment shows there was no diminution in its worth.

As already noted, the original contract of sale provides that upon retaking the property the vendors may sell the same at public or private sale. It is urged that by reason of this clause the plaintiff waived the statutory provision for her benefit. The goods enumerated in the bill of sale are articles of household furniture, and we seriously question the right of the vendors to engraft a clause in the conditional contract which will effectually destroy the statutory provision for her advantage, especially to this kind of property. Kneetle v. Newcomb et al., 22 N. Y. 249, 78 Am. Dec. 186. If by inserting a provision of that kind in a contract of sale the vendors can estop the vendee from the privileges accorded him by this statute, its practical effect will very easily be abrogated.

Passing that, the defendants do not claim that they ever sold the property at public or private sale, or in any other manner, but that they retain it and are willing to restore it to the plaintiff upon payment of the balance of the purchase price and the costs of the previous action. Unless they have acted upon the terms of the alleged waiver, they

cannot hold the plaintiff to it.   We do not consider the attempt by the plaintiff to open the default of an election to abandon her rights under the statute or an estoppel, particularly as in our view no useful modification of the judgment could have been made.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.   All concur, except McLENNAN, P. J., who dissents, on the ground that the judgment recovered in a replevin action between the same parties and which only involved the property involved in this action is conclusive upon the parties hereto and is a bar to this action.