THOMAS R. LEVIS, Appellant, *v.* POPE MOTOR CAR
COMPANY, Respondent, Impleaded with Another.

Sale — action for breach of warranty — when defendant's lia-
bility question for the jury — when agreement that article pur-
chased might be exchanged, if not as warranted, does not abrogate
warranty.

1. In an action to recover damages sustained by plaintiff for
breach of a contract of sale of an automobile and of express war-
ranties collateral thereto, *held*, upon examination of the evidence,
that it was error to take the question of respondent's liability from
the jury, since it might have found upon the evidence that respond-
ent's agent made the sale and accompanying warranties.
2. While there cannot be the incident of a warranty unless there
is a completed sale and absolute delivery, the completeness of the
sale in this case was not destroyed by the fact, if it existed, that a
part of the contract was that plaintiff might exchange the car, in
case it did not fulfill the warranties, since no condition had to be
accomplished before the title passed, and the return and exchange,
if made, would simply divest the title which had vested under the
contract.
*Levis* v. *Pope Motor Car Co.*, 129 App. Div. 937, reversed.

(Argued May 10, 1911; decided June 16, 1911.)

APPEAL from a judgment entered October 20, 1909,
upon an order of the Appellate Division of the Supreme
Court in the fourth judicial department, overruling
plaintiff's exceptions, ordered to be heard in the first
instance by the Appellate Division, denying a motion
for a new trial and directing judgment dismissing the
complaint.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Elbridge L. Adams* for appellant. There was evidence
from which the jury might have found that the Robert
Thompson Company was the agent of the Pope Motor Car

Company, and the trial court erred in holding, as matter
of law, that there was no agency. (*Partridge* v. *Com-
mercial Co.*, 17 Hun, 95; *Howard* v. *Norton*, 65 Barb.
161; *De Bavier* v. *Funk*, 21 N. Y. Supp. 410; 142 N. Y.
633; *Nutting* v. *K. C. R. Co.*, 21 App. Div. 76; *Wylde*
v. *N. R. R. Co.*, 53 N. Y. 156; *Merritt* v. *Bissell*, 155
N. Y. 397.)   There was evidence from which the jury
might have found that there was an express warranty
which survived acceptance. (*Chapman* v. *March*, 19
Johns. 299; *Hawkins* v. *Pemberton*, 51 N. Y. 198; *Fair-
bank Canning Co.* v. *Metzger*, 118 N. Y. 260; *Lichtenstein*
v. *Rabolinsky*, 98 App. Div. 516; 184 N. Y. 520; *Henry*
v. *Salisbury*, 14 App. Div. 526; *Morris* v. *Bradley*, 64
Fed. Rep. 55; *Hicks* v. *Stevens*, 121 Ill. 186.)   There was
also evidence from which the jury might have found that
the respondent was liable for breach of an implied war-
ranty that the machine which it manufactured was mer-
chantable and free from latent defects. (*Carleton* v.
*Lombard*, 149 N. Y. 137; *Bierman* v. *City Mills Co.*, 151
N. Y. 482; *Kellogg Bridge Co.* v. *Hamilton*, 110 U. S. 108;
*Whitehead Machine Co.* v. *Ryder*, 139 Mass. 366; *John-
ston* v. *Trask*, 116 N. Y. 143; *Wooster* v. *Sage*, 67 N. Y.
67.)   The fact that the Thompson Company may have
agreed with the plaintiff to take back the machine, if
not satisfactory, and replace it with another of larger
power, does not in any way affect the question of breach
of warranty as against the Pope Motor Car Company,
and the court's ruling in this respect was error. (*Cos-
tello* v. *Herbst*, 18 Misc. Rep. 176; Benjamin on Sales,
§§ 311, 597; *Wooster* v. *Sage*, 6 Hun, 285; *Vaughn
Machine Co.* v. *Lighthouse*, 64 App. Div. 138; *Chapin*
v. *Dobson*, 78 N. Y. 74; *Riddle* v. *Varnum*, 20 Pick.
283; *Hurd* v. *Cook*, 75 N. Y. 454; *Marble* v. *Moore*, 102
Mass. 443.)

*Lewis H. Freedman* and *William A. Redding* for
respondent.   There is no evidence that the Thompson

Company was the agent of the Pope Motor Car Company. (*Learned* v. *Tillotson*, 97 N. Y. 1; *Bank of North America* v. *Delafield*, 126 N. Y. 418; *Thomas* v. *Gage*, 141 N. Y. 506; *Gray* v. *K. D. & I. C. Co.*, 162 N. Y. 388.) Even if there was some evidence entitling appellant to go to the jury as to the agency of the Thompson Company, there was no evidence that said company was authorized to make any warranty. (*Cafre* v. *Lockwood*, 22 App. Div. 11.)

COLLIN, J. The action is to recover from the respondent and a co-defendant, Robert Thompson Company, the sum of the damages sustained by plaintiff through the alleged breach of a contract of sale to him of an automobile or motor car, and of the express warranties collateral thereto. At the trial the court at the close of plaintiff's case dismissed the complaint as to the respondent upon two grounds: (1) There was no proof that the respondent was the principal in the transaction through which the car was sold by the Thompson Company to the plaintiff; (2) the contract which the plaintiff made with the Thompson Company was: If the car did not prove to be equal to what they expected of it, the Thompson Company should, in the place of being liable for damages, replace that car with a car of the next year's make of larger power, and plaintiff's only right of action is for the breach thereof; and granted the request of the counsel for plaintiff that a juror be withdrawn and the trial discontinued as to the Thompson Company. The exceptions of the plaintiff, ordered to be heard, in the first instance, by the Appellate Division, have been overruled.

The trial court erred, under the evidence, in its ruling. The respondent as well as the appellant correctly assumed in presenting the case to us that the evidence established warranties on the part of the Thompson Company collateral to the contract made between it and the plaintiff, the reliance of plaintiff upon them and their non-fulfill-

ment. The prominent issue between them is: Is the respondent obligated by the warranties? The jury, determining all conflicting facts in favor of the appellant and evoking from the evidence the inferences most favorable to him, might have found the following: During the year 1905 the respondent was a manufacturer of automobiles at Toledo, Ohio, and made the automobile sold to the appellant. The Robert Thompson Company, of which Robert Thompson was the president, sold, at Rochester, N. Y., automobiles made by the respondent, and in August, 1905, Robert Thompson requested appellant to purchase an automobile of respondent's manufacture. Upon this or a subsequent occasion in the negotiations which took place between them prior to the sale, Thompson was accompanied by a traveling representative of the respondent. Throughout the negotiations the Thompson Company did not have and appellant did not see the automobile in question, but Thompson had and showed to appellant a picture of and printed specifications and literature concerning it. Of that literature was a printed circular of two parts, the first of which was descriptive of the car as a whole, and stated "such information as is not given herewith will be gladly furnished on request," and the second of which was a "brief of specifications." Several of the statements therein were in import and effect similar and equivalent to the warranties made by the Thompson Company. At the end of each part of it was in print the subscription: "Pope Motor Car Co., Toledo, Ohio. Members A. L. A. M." During the negotiations Thompson told the appellant that if the automobile did not fulfill the alleged warranties he might return it in the spring of 1906, pay an additional four hundred dollars and have a larger one of the 1906 model delivered to him. The appellant relied on the statements of Thompson and the literature shown him. Several weeks after the contract was concluded the automobile was delivered to and paid for by the appellant. During the

months from September, 1905, to June, 1906, through which appellant was operating the car, an employee of the respondent came to Rochester at three different times, at the solicitation of the Thompson Company, to examine and repair or remove its defects or deficiencies. On September 5, 1906, the appellant addressed and sent to the respondent a letter in which he said: "Last fall I bought from The Robert Thompson Company, your agents here, Type 10, Pope Toledo Car, for which I paid him, with top $3,050.00. This car has never been right, has never run three days in succession, and I don't believe there is a man living who can make it run. It is up to you or Mr. Thompson to give me a car that will run, or my money. * * * Before proceeding any further in this matter, I would like to hear from you." He received from the respondent a reply, dated September 8, 1906, as follows: "Sales Department. Dear Sir.— Your trouble with Type X 'Pope-Toledo' is very much regretted by this company, and it is positive the machine can be made to run satisfactory to you. A man will, within a few days, stop at your place and go over your machine thoroughly, putting same in A-1 condition. He is now in the East and will be returning to the factory. After his visit we should be glad to have your opinion relative to the running of your car, at which time, if you are not satisfied, further steps will be taken to that end. This is in reply to yours of September 5th." Subsequently an employee of the respondent came to Rochester and examined the car and did not put it in workable condition.

Those facts and the evidence in behalf of the appellant would have permitted the jury to find that the delivery of the automobile was absolute and the sale thereof consummated. While a rule of law is that there cannot be the incident of a warranty unless there is a completed sale and absolute delivery, the completeness of the sale in this case was not destroyed by the fact, if it existed, that

a part of the contract was that appellant might exchange the car, in case it did not fulfill the warranties. No condition had to be accomplished before the title passed. The return and exchange, if made, would simply divest the title which had vested under the contract. The jury would have been permitted to find also that the Thompson Company, as the agent of the respondent, made the sale and the accompanying warranties to the appellant. Without intending to analyze the evidence, or allot to any item thereof its due proportion of weight or persuasiveness, we state that the jury might have reasonably inferred the authorization to the Thompson Company, if respondent's agent, to make the warranties, from the fact, considered with the other evidence, that the circular hereinbefore referred to contained statements which were the equivalents of the warranties. The circular permitted the inference that the respondent deemed it necessary or useful that the affirmations of quality which it contained should be made in accomplishing the sales of cars of the type of which it spoke and expected and authorized its agent to do that which it thus indicated to be essential to the fulfillment of the object of the agency.

The evidence entitled the plaintiff to have the issues submitted to the jury, and the order of the Appellate Division and the judgment entered thereon should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., absent.

Judgment reversed, etc.