CARPENTER v. CHAPMAN et al.

(Supreme Court, Trial Term, Fulton County. April, 1912.)

1. SALES (§ 429*)—BREACH OF WARRANTY—RIGHT OF ACTION—CONDITIONAL SALE.

Where a mare was delivered to the buyer at the time of sale, upon condition that title should remain in the seller until payment of the price stated in the note, the sale was conditional on payment of the whole price, so that an action for breach of warranty of soundness will not lie where the purchase-money note was not paid at maturity.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1224–1229; Dec. Dig. § 429.*]

2. SALES (§ 430*)—REMEDIES OF SELLER—RECOVERY OF PRICE—BREACH OF WARRANTY.

If there was a warranty as to the condition of a mare sold, and breach thereof, the mare dying, the seller could not recover the balance of the purchase-money note, in the buyer's action for breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1230, 1231; Dec. Dig. § 430.*]

Action by Lillian Carpenter against B. L. Chapman and another, in which defendants counterclaimed. Complaint and counterclaim dismissed.

William W. Smith, of Johnstown, and Horton D. Wright, of Gloversville, for plaintiff.

Charles D. Thomas, of Herkimer, for defendants.

WHITMYER, J. [1] The plaintiff has brought this action to recover damages from defendants for breach of warranty as to the soundness of a mare sold by defendants to plaintiff. The purchase price was $150 of which $100 was paid at the time of the sale, and the balance, $50, was represented by a note, payable six months after its date. The mare was delivered to plaintiff, at the time of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sale, upon the condition, set forth in the note, that the title was to remain in defendants until full payment of the purchase price. The note was not paid at maturity or at the time of the commencement of the action. The sale, then, was conditional on payment of the full price, so that the action for breach of warranty will not lie. Osborn v. Cantz, 60 N. Y. 540; English v. Hanford, 75 Hun, 428; 27 N. Y. Supp. 672; Benjamin on Sales, p. 865; Roach v. Curtis, 115 App. Div. 765, 101 N. Y. Supp. 333, affirmed 191 N. Y. 387, 84 N. E. 283; Levis v. Pope Motor Co., 202 N. Y. 402, 95 N. E. 815.

The case of Pierce v. Hellenic American Realty Co., 76 Misc. Rep. 473, 135 N. Y. Supp. 605, cited by plaintiff, is not an authority here, since that was an action in tort. It is urged by plaintiff that the action is not for breach of warranty, but to rescind the sale. The complaint, however, is clearly for breach of warranty, and a recovery based on a rescission cannot be sustained. The complaint must therefore be dismissed, with costs.

[2] On the other hand, defendants are not entitled to judgment on their counterclaim, by which they seek to recover the balance due on the note. The reply of plaintiff, while admitting the delivery and nonpayment of the note, denies that any sum is due thereon, for the reason that the mare was not sound, and was not as warranted, and refers to the complaint for the other items of the warranty. The mare was breathing short and quick at the time of the sale. Being inexperienced, plaintiff called attention to this fact, whereupon defendants stated that it was due to what they called "a car cold," which was not serious, and urged plaintiff to take her, guaranteeing that she was a good work horse, that she would work in all harnesses, that nothing serious was the matter with her, and that, if she was not all right, it was no sale, and plaintiff could bring her back.

These warranties were made by defendants as an inducement to plaintiff to purchase, and plaintiff took the mare, relying upon them. They were worthless. Instead of growing better, the mare grew worse, without the fault of plaintiff, and died within five days thereafter in a barn on the road between Gloversville and Johnstown, to which place plaintiff's driver had succeeded in leading her in the effort to return her to the defendants. There was, then, a breach of the warranty made and given. Defendants claim, however, that the obligation to pay the note was absolute and survived the death of the horse. That would have been the case, if there had been no warranty and no breach. It is in this respect that the case here is distinguishable from Comer v. Cunningham, 77 N. Y. 391, 33 Am. Rep. 626, and National Cash Register Co. v. South Bay Club House Association, 64 Misc. Rep. 125, 118 N. Y. Supp. 1044, cited by defendants in support of their claim.

Under the circumstances, the counterclaim must be dismissed. Findings may be prepared accordingly.