## G. B. SHEARER CO. v. KAKOULIS.

(Otsego County Court. December 23, 1913.)

1. SALES (§ 427*)—BREACH OF WARRANTY—CONDITIONAL SALES.

In case of a sale upon condition that title remain in the seller until full payment of the price, an action for breach of warranty could not be maintained in the absence of statute until the whole of the purchase money is paid and title has fully passed to the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1210–1213; Dec. Dig. § 427.*]

2. SALES (§ 273*)—IMPLIED WARRANTIES—WARRANTY EQUIPMENTS.

Under Personal Property Law (Consol. Laws 1909, c. 41) § 96, as amended by Laws 1911, c. 571, providing that there is an implied warranty of fitness for any particular purpose of goods sold where the buyer makes known to the seller the purpose for which they are required and relies on the seller's skill or judgment, there was an implied warranty that a mechanical piano was suitable for the purpose for which it was intended to be used, if the seller was informed that it was intended for entertainment purposes and stated that it was fit for such purposes.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

3. SALES (§ 288*)—CONDITIONAL SALES—BREACH OF WARRANTY—ACTIONS.

Under Personal Property Law (Consol. Laws 1909, c. 41) § 130, as added by Laws 1911, c. 571, providing that, in the absence of agreement, acceptance by the buyer shall not discharge the seller from liability in damages or other remedy for breach of warranty "in the contract to sell," or the sale providing notice of breach is given within a reasonable time, acceptance of the goods by the buyer under a conditional sale reserving title until all of the price is paid would not bar an action for damages for breach of warranty of fitness.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

4. SALES (§ 428*)—ACTION FOR PRICE—COUNTERCLAIM—BREACH OF WARRANTY.

Under Personal Property Law (Consol. Laws 1909, c. 41) § 150, subd. 1b, as added by Laws 1911, c. 571, providing that in case of breach of warranty the buyer may, at his election, keep the goods and maintain an action for damages, or subdivision "d," rescind a contract to sell or the sale, or, if the goods have been received, offer to return them and recover the price paid, in an action upon a conditional sale note the buyer may

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, &.Rep'r Indexes

counterclaim and show in support thereof that the seller warranted that the piano sold would not break and was fit for the purposes intended, and that the warranty had been breached and offer to return the piano upon receiving back the price paid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1214–1223; Dec. Dig. § 428.*]

Appeal from City Court of Oneonta.

Action by the G. B. Shearer Company against B. J. Kakoulis. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Thompson & Van Woert, of Oneonta, for appellant.
Gibbs, Holmes & Gibbs, of Oneonta, for respondent.

A. L. KELLOGG, J. This is an action brought by the plaintiff upon a conditional sale note for the sum of $45, with interest; same having been given for part of the purchase price of a player piano. An answer was interposed by the defendant, admitting the making, signing, and delivery of the note, and alleging a breach of warranty.

The case was tried before the city judge of Oneonta, who permitted the introduction and receipt of evidence in behalf of the defendant, under objection, which tended to show that the defendant, at the time of the giving of the note, warranted that the said piano would not break, and that it was reasonably fit for the purposes for which it was delivered, but that, on the contrary, it had repeatedly broken, and was not as agreed in the respects mentioned; that the defendant, before beginning the action, notified the plaintiff of the breach of the alleged warranty, and that he elected to rescind the contract of sale, and now offers to return the piano upon the plaintiff repaying to him so much of the purchase price as had theretofore been paid; that in making the purchase the defendant relied upon the plaintiff's skill and judgment in furnishing a piano suitable for the purposes intended, which was for the entertainment of his patrons, in order to attract customers and increase his business; that he had already paid to plaintiff, on account of said contract, in all the sum of $339.05.

It was the contention of the defendant that this evidence was competent under and pursuant to the various provisions of sections 96, 130, and 150 of the Personal Property Law, as added by Laws 1911, c. 571, in effect June 30, 1911. Section 96 of said act defines implied warranties of quality as follows:

"Subject to the provisions of this article and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Section 130 of said act is as follows:

"Acceptance does not bar action for damages. In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall

not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

Section 150 of the act, so far as it is applicable here, is as follows:

"Remedies for breach of warranty: (1) Where there is a breach of warranty by the seller, the buyer may, at his election, (a) accept or keep the goods, and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price; (b) accept or keep the goods and maintain an action against the seller for damages for the breach of the warranty; (c) refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty; (d) rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid. * * * (4) Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for repayment of the price. (5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section 134."

This statute also defines what is intended by the words "contracts to sell and sales."

Section 82 states:

"(1) A contract to sell goods is a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price. (2) A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price. (3) A contract to sell or a sale may be absolute or conditional."

The definitions here given are necessary to an understanding of the act. Sales often called at common law "sales in præsenti" or executory sales and contracts to sell, spoken also at common law as "executory sales" or "executory contracts of sale," are carefully distinguished throughout.

It was the contention of the defendant that by his answer and the counterclaim therein set forth, in connection with the evidence above mentioned, he had brought himself within the several provisions of these statutes, and especially subdivision 1 of section 96, section 130, and subdivision "d" of section 150 thereof, wherein it is, in substance, provided that where the buyer expressly or by implication makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill, or judgment, there is an implied warranty that the goods shall be reasonably fit for such purpose; that, in the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the

seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell, or the sale; that, where there is a breach of warranty by the seller, the buyer may, at his election, rescind the contract to sell, or the sale, and, if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

It appears, however, that at the conclusion of the defendant's case a motion was made in behalf of the plaintiff to strike out the testimony received, under objection, and that plaintiff be awarded a judgment upon the pleadings upon the ground that the defendant has stated he relied upon breach of warranty, and that such a defense can only be interposed after title has passed. This motion was granted. From the judgment so awarded in favor of the plaintiff, an appeal has been taken to this court.

[1] There can be no question as to the rule which has heretofore prevailed in this state as to a contract for the sale of property upon condition that the title is to remain in the vendor until full payment, and that no action for a breach of warranty could be obtained so long as an installment of the purchase money remained unpaid, and that no action would lie unless the title had fully passed to the buyer. English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672; Osborn v. Gantz, 60 N. Y. 540; Carpenter v. Chapman (Sup.) 139 N. Y. Supp. 849.

But this is not an action here which has been commenced by this defendant as plaintiff, to recover damages for a breach of alleged warranty, but is one wherein he is made defendant for the purpose of recovering against him of a conditional sale note, given for part of the purchase price of the piano in question, and contends that he comes directly within the provisions of the Personal Property Law now in full force and effect in this state. This question does not appear to have been discussed or decided in Carpenter v. Chapman, supra.

It is manifest that the contract between this plaintiff and the defendant was a conditional sale, and therefore comes within the provisions of this act which relates to both contracts to sell or sale, in that it states, in so many words, that such contracts may be both absolute and conditional.

[2] Section 96 seems to work several important changes in the law of warranty, in that the distinction between the ordinary dealer and the manufacturer or grower is abolished, and the warranty of fitness for purpose is extended to all sellers.

This section is practically identical with the English Sales of Goods Act. It has been held under this act that, where a buyer notifies a seller that motors which he orders are required for the conveyance of passengers, the traffic being heavy, and the district hilly, and the machines furnished are unfit for the heavy work required of them, there is a breach of implied warranty of fitness for a particular purpose. Bristol Tramways Co. v. Fiat Motors [1910] 2 K. B. 831, 103 L. T. N. S. 443. To the same effect is Priest v. Last [1903] 2 K. B. 148, 89 L. T. N. S. 33; also, Williams v. Macpherson, Sc. Ct. Sess. 6 F, 863.

[3] It is plain that under section 130 acceptance does not bar action for damages, and that the seller's breach of duty may consist in failure to deliver the right quantity of goods, failure to deliver goods on time, and failure to deliver the proper quality of goods, but the buyer must give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach.

Section 130, in connection with section 150 of this act, provides that acceptance does not extinguish a warranty of any kind, and works an important change in that respect in this state. At common law, implied warranty was extinguished by acceptance, and only express warranties survived acceptance. It would seem also that section 130 preserves to the buyer the right of action for damages after acceptance in all cases. It also gives the buyer a remedy unknown to the common law in this state, namely, the right to rescind the contract and return the goods. The buyer's option under the common law was ordinarily rejection of the goods upon tender or recovery of damages in those cases where the right of action survived acceptance. This fact, therefore, has an important modifying effect upon the law of sales both executory or executed, or, to use the words of this act, "Contracts to sell or sale."

If a warranty has been breached, the buyer has a cause of action for damages.

Section 150(1) b shows how that cause of action may be enforced, namely, by affirmative action or counterclaim, and the buyer may assert his rights, either as plaintiff or as a defendant, by counterclaim.

Subdivision "d" of the same section last mentioned provides that the buyer may, in case of breach of warranty, rescind the contract to sell, or sale, and if the goods have already been received, return them, or offer to return them to the seller, and recover the price or any part thereof which has been paid.

[4] It is my opinion that the defendant had the right to answer and interpose the counterclaim he did in this action, and the testimony offered in his behalf and received under objection was both proper and competent, and relevant to the issue.

It was therefore error to exclude the same and award the plaintiff judgment on the pleadings.

For this reason the judgment should be reversed, and a new trial granted in the City Court, at a date to be fixed in the order of reversal, with $10 costs to the appellant, in addition to the disbursements necessarily expended by him in perfecting his appeal in the court below. Ordered accordingly.