ISAAC HAUSS, Appellant, *v.* RAFAELE SAVARESE,
Respondent.

(Supreme Court, Appellate Term, First Department, November,
1914.)

Contracts — when written contract for conditional sale of personal prop-
erty deemed lien thereon — action to foreclose lien on chattels —
pleading — failure to deliver chattels.

A written contract for the conditional sale of personal prop-
erty is deemed a lien thereon, and the Municipal Court of the
city of New York has jurisdiction of an action to foreclose
such lien.

Where, in an action to foreclose the lien upon certain chattels
sold at an agreed price under a contract of conditional sale,
the answer is a general denial, but on the trial the delivery
to and the use by defendant of such chattels are not disputed,
his claim that because of the imperfect condition of the same
the balance due on the purchase price should not be paid cannot
avail, and he cannot counterclaim for damages for alleged
repairs.

If defendant had any claim by reason of any alleged breach
in the failure to deliver the chattels as agreed by plaintiff's
assignor, his action should have been brought independently of
the plaintiff's suit and subsequently to the payment of the pur-
chase price, hence it was error to dismiss plaintiff's complaint.

APPEAL by the plaintiff from a judgment of the Mu-
nicipal Court of the city of New York, second district,
borough of Manhattan, dismissing the plaintiff's com-
plaint.

Harris Koppelman, for appellant.

Arthur Goodstein, for respondent.

COHALAN, J.    The action was brought to foreclose
a lien on chattels sold under a conditional bill of sale,

and the answer was a general denial. The chattels were butcher fixtures and the agreed price therefor was $330. It is not disputed that all of the fixtures were delivered and were in constant use by the defendant. The defendant, however, asserted that they were received in an unsatisfactory condition, and, while he did not interpose a counterclaim for damages for alleged repairs, he contends that the balance of $70 due should not be paid on account of the imperfect condition of the fixtures.

Under section 139 of the Municipal Court Act the court had jurisdiction of the action. A written conditional sale agreement for the sale of personal property is deemed a lien upon a chattel. *Singer Sewing Machine Co.* v. *Leipzig*, 113 N. Y. Supp. 916; *Simpson Crawford Co.* v. *Knight*, 130 id. 236. It was the manifest intention of the parties as evidenced by the written agreement (1) that title would not pass until the purchase price had been fully paid, and (2) if there should be a default in any payment plaintiff's assignor would have the right to take, remove and repossess himself of the fixtures. It does not now avail the defendant to say, after long usage of the chattels, that the ice-box was in a leaky condition and that the window-rails were loose, so as to resist the foreclosure of the lien on the chattels for the sum of seventy dollars. Title in him never passed under the express covenant contained in the agreement. The sale had not been completed. To entitle the defendant to relief it must appear affirmatively that the defendant under the agreement had paid the entire sum due. *English* v. *Hanford*, 75 Hun, 428; *Osborn* v. *Gantz*, 60 N. Y. 540. In the case of *English* v. *Hanford, supra,* the plaintiff sued for a breach of warranty on a contract, which agreement was based upon a conditional sale, and the court said: "The evidence

clearly shows that she never completed her contract for the purchase and that she never had a clear, full, absolute, unconditional title to the property prior to the commencement of this action. In Benjamin on Sales, under the head of Remedies of the Buyer, (at page 865) are found the following words: ' But no action will lie on a warranty unless the title has fully passed to the buyer. Therefore, where the sale was conditional on payment of the full price which was due, in installments, and the last installment had not been paid, it was held in *Frye* vs. *Miligan* (1885) 10 Ont. 509, that no remedy yet existed on the warranty. Benjamin on Sales, (Bennett's Ed. 1885).' In *Osborn* v. *Gantz*, 60 N. Y. 540, it was held, viz: 'A warranty is an incident, only of a completed sale; it has no present vitality and force in an executory contract of sale.' ''

If the defendant had any claim by reason of any alleged breach in the failure to deliver the chattels as agreed by plaintiff's assignor, his action should have been brought independently of the plaintiff's suit and subsequently to the payment of the entire sum under the agreement. Hence it was error to dismiss the complaint.

It follows that the judgment dismissing the complaint should be reversed and a new trial ordered, with costs to the appellant to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.