[No. 5987. Decided August 6, 1906.]

NATIONAL CASH REGISTER COMPANY, *Appellant,* v.
N. PETSAS, *Respondent.*[1]

ACCORD AND SATISFACTION—EVIDENCE—SUFFICIENCY.  In an action
for the price of a cash register, a full settlement by a payment
through a bank is not shown where the bank official flatly denied
the testimony of the vendee that the payment was in full settlement,
and the bank had no knowledge of the transaction or authority to
accept payment in full; since the burden of proof is upon the vendee
to establish such defense by the preponderance of the evidence.

SAME.  Where a note had been given for the price of a cash reg-
ister, less a specified valuation for an old register which the vendee
had the option of turning in as part payment, the evidence is in-
sufficient to show an intent on the part of the vendor to accept a
discount of the note as full settlement, without receipt of the old
register or its agreed valuation, where it appears that, upon an in-
stallment falling due, the vendor had sent a draft therefor to a bank
with the note, authorizing the acceptance of a certain sum "in full
settlement of the draft and note."

SALES—CONDITIONAL SALES—REMEDIES OF VENDOR.  Where the con-
ditional sale of a cash register gave the vendee the option of turning
in an old cash register in part payment at a certain valuation, and
he refused to either pay such sum or turn in the machine, the vendor
is not limited to the recovery of the old register or its agreed valu-
ation, but may sue to recover the register sold.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 20, 1905, upon findings
in favor of the defendant, after a trial on the merits before
the court without a jury in an action on contract.  Reversed.

*J. W. McBurney,* for appellant.
*Walter S. Fulton,* for respondent.

ROOT, J.—On the 15th day of December, 1903, the re-
spondent purchased from appellant a cash register, and signed
a written order embodying the terms of the purchase.  By
the provisions of this instrument respondent was to pay the
sum of $275, $30 in cash down, $25 upon delivery, and the
balance in monthly payments of $25 each.  The written order

[1]Reported in 86 Pac. 662.

contained the following: "You to allow me $43.75 for
No. 8-139147 on D design to return it on arrival of new
register." This provision referred to an old cash register
then owned by respondent. Pursuant to this order, the new
cash register was delivered to respondent and certain pay-
ments were made. On February 4, 1904, appellant sent a
notice to respondent containing the following:

"We have this day sent to the Scandinavian American
Bank of your city sight draft for $25 for cash payment, and
one note amounting to $176.25, for signature, payable in
seven installments, as per terms of your signed order. Should
you desire to discount the above, the bank has been authorized
to accept $189.69 in full payment of draft and note."

Pursuant to said notice respondent paid the bank the sum
$189.69, and took up said draft and note. The amount of
the draft, $25, and of the note, $176.25, together with
the cash payment of $30, added to the sum of $43.75, the
credit to be allowed for the old cash register, make up the
$275 contract price of the new register. Respondent did not
deliver the old register to appellant, nor did he pay the
$43.75, which was to be allowed as a credit in case the old
register should be turned over to appellant. Respondent
claimed, and the trial court found, that the payment of
$189.69 to the bank was a full settlement, and payment of
the purchase price. Respondent argues that the judgment of
the trial court is correct upon either of two grounds: (1) That
the bank was authorized to accept $189.69 as payment in full,
or that said bank did as a matter of fact accept said sum as
payment in full and complete satisfaction, and that it had
such apparent authority as to bind appellant; (2) that ap-
pellant cannot recover the new machine, but that if it has
any right of action it is for the recovery of the old register or
its value, to wit, $43.75.

Respondent testified that the bank official told him that pay-
ment of the draft and note would be accepted as full settle-
ment of the transaction. This is flatly denied by the bank

official, who says that he knew nothing about the terms of the contract, but accepted the money merely as payment of the note and draft. We think the testimony of the bank official to be the more credible; and the burden being upon respondent to prove payment and satisfaction by a fair preponderance of the evidence, we think he failed to establish such facts. Regardless of this, we cannot find in the written communication offering to accept $189.69 "in full payment of draft and note," any intention of accepting said sum as full payment for the register, or any authority authorizing the bank to so accept said sum.

As to the second proposition, we do not think it can be maintained. The written order signed by respondent when purchasing the new register reserved to respondent the option of "turning in" the old register, and receiving a credit of $43.75 therefor. In other words, respondent had the privilege of paying $43.75 by delivering the old register to appellant. He never made said payment. Consequently full payment for the new register has never been made. Said written order or agreement provided that the title to the new register should not pass until the purchase price should be paid in full. Said purchase price not having been paid, appellant was justified in bringing this action.

The judgment of the honorable superior court is reversed, and the cause remanded to the trial court with instructions to grant judgment for the recovery of the new cash register, together with damages for its being withheld, unless within thirty days from the filing of the remittitur in the lower court the respondent shall deliver to appellant the old cash register in as good a condition as it was at the time of the commencement of this action, or pay to the appellant the sum of $43.75 with legal interest thereon from the date of the commencement of this action. Costs in both courts to appellant.

Mount, C. J., Crow, Fullerton, Dunbar, and Rudkin, JJ., concur.