### SINGER SEWING MACH. CO. v. LEIPZIG et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. SALES (§ 479*)—CONDITIONAL SALES—ACTION BY SELLER—PARTIES.
    In an action by a seller under a conditional bill of sale to enforce his lien on the buyer's default in payments, a third person who assumed control over the property was a proper party defendant.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

2. SALES (§ 479*)—CONDITIONAL SALES—THIRD PERSONS—LIABILITY TO SELLER.
    On enforcing the lien of a seller under a conditional bill of sale, on the buyer's default in an action against the buyer and a third person assuming control over the property, the buyer only should be held for a deficiency on a sale to satisfy the lien, where it does not appear that his codefendant has acquired his interest or assumed the debt.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Singer Sewing Machine Company against Isidor Leipzig and another. From a judgment for plaintiff, defendant Leipzig appeals. Modified and affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Freiman & Dobroezynski, for appellant.

Benj. L. Brandner, for respondent.

GIEGERICH, J. The facts in this case are substantially as follows: Plaintiff sold to the defendant Schutzman a machine upon a conditional bill of sale. Schutzman was an operator in the shop of the defendant Leipzig. Schutzman defaulted in making payments upon the machine, and the plaintiff sent an employé to the shop of Leipzig, who identified the machine. The next day plaintiff sent two employés to get the machine. They were assaulted by workmen of Leipzig in his absence. Subsequently he returned, and the plaintiff's employés testify that he told them that Schutzman had made him (Leipzig) responsible for the machine; that he was responsible and good for it. Just what was meant by this assertion is not clear. There is no evidence that he had acquired the rights of Schutzman within his lease, and there was no promise to assume the indebtedness of Schutzman and pay the same. No further payments being made on the purchase price, plaintiff brought this action to foreclose its lien, making Schutzman and Leipzig both defendants. Leipzig only appeared, and appeals from a judgment in favor of the plaintiff for a foreclosure of the lien to the amount of $30 and costs.

The judgment should be affirmed, but modified. The defendant Leipzig certainly assumed some control over the property. The plaintiff clearly had a lien, and a right to foreclose it. The property being in the possession of Leipzig, it was proper that he should be made a party, so that his rights, if he claimed under Schutzman, should not be prejudiced; but, as there is no evidence that Leipzig had acquired the interest of Schutzman in the property, the judgment should be modified by providing that, if the property, when sold under the judgment, failed to satisfy the lien, costs, and expenses, the defendant Schutzman only should be liable for the deficiency.

Judgment modified, by providing that if, upon a sale of the property, the proceeds thereof are not sufficient to satisfy the lien, together with the fees, expenses, costs, and disbursements, the respondent recover of the defendant Schutzman only the balance thereof remaining unsatisfied, and, as modified, affirmed, without costs of this appeal to either party. All concur.