[No. 8527.    Department Two.    August 4, 1910.]

STANDARD FURNITURE HOUSE, *Appellant*, v. MRS. M. A. BURROWS, *Respondent*.[1]

REPLEVIN—RELIEF—PLEADING—COURTS — JURISDICTION.   In an action of replevin to recover property sold conditionally, upon which plaintiff claimed a default and a balance due, the court, upon finding a sum due less than the amount claimed, has jurisdiction to decree the usual judgment in replevin in favor of the plaintiff, unless the defendant, within ten days, .pays the amount found to be due, with costs and attorney's fees, although the payments made and the balance found did not equal the contract price of the goods sold; especially where the real controversy was over the amount due, if any, and whether the property sold had all been delivered; since property sold conditionally is held only for security, and the relief granted was equitable, and the court may grant any relief consistent with the case made by the pleadings.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered June 22, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of replevin.    Affirmed.

*Smith & Mack*, for appellant.

*Birdseye & Smith*, for respondent.

DUNBAR, J.—The plaintiff and defendant entered into a certain conditional sale contract for certain personal property delivered by the plaintiff to the defendant.   The contract provides that the title shall remain in the plaintiff until the full amount agreed to be paid therefor shall have been paid, stating the dates and amounts of payments.   The agreed value of the property was $507.   A failure to make a certain payment resulted in the bringing of this action to recover the property, and the property in the complaint was alleged to be of the value of $250.   An affidavit in replevin was executed, and a bond given.   The defendant, to retain the property, gave a redelivery bond, and kept the same.

[1] Reported in 110 Pac. 13.

The defendant then answered, admitting the conditional sale contract, but alleging full compensation thereunder; admitted the demand of plaintiff for the property; and by way of counterclaim, alleged that the plaintiff was indebted to the defendant in the sum of $41.65. Upon these issues the case was tried. The complaint alleged that the plaintiff had paid on the contract the sum of $355.95, and prayed for a judgment for the possession of the property or for the value of the same, and for costs and attorney's fees.

The court found, among other things, the execution of the instrument as alleged; the value of the property to be $250; that the defendant had failed to make the payments at the time and in the amounts provided in said conditional sale contract; that at the time of the commencement of the action there was due and owing to the plaintiff by the defendant, on the purchase price of the property, the sum of $79.80; that the plaintiff was the owner of, and legally, lawfully, and rightfully entitled to the immediate possession of, the property, and in the event said property could not be delivered, said plaintiff was entitled to a judgment against defendant in the sum of $250; that the plaintiff was entitled to the sum of $25 attorney's fees, and to recover all its costs and disbursements in the action, the fourth finding being that, in the event that she should within ten days pay into court the sum of $79.80, and all costs of the action and $25 attorney's fees, the defendant should be entitled to retain and keep the property described in the complaint; and judgment was entered in accordance with such finding. To this finding an objection was taken, and it is assigned as error here, the contention of the appellant being, in effect, that the court was without jurisdiction to make such finding or render such judgment: that all that it could do was to give a judgment for the return of the property or its value.

There is no statement of facts brought here from which this court can determine the cause of these seemingly inconsistent findings. But from an examination of the pleadings

in the case, we are of the opinion that the court did not go beyond its jurisdiction in making the ruling complained of; for, from the complaint, answer, and reply, it is evident that the real contention was not over the title of the property, as is generally the case in actions in replevin pure and simple, but over the amount that was actually paid, and as to whether a portion of the articles described in the agreement had actually been delivered to the defendant. The court must have found that the full amount demanded by the complaint was not justified, for the complaint alleged, in substance, that the defendant had failed in payments to the extent that she had only paid $355.95 on the agreement to pay $507, which would leave a deficiency of $151.05. The court found that the defendant was in default $79.80, so that it is evident that the plaintiff was demanding $71.25 more than it was entitled to; and the real controversy under the pleadings in this case was over the amount due, if any, under this contract. If appellant's theory of the law is correct, it would be unsafe for a defendant in an action of this kind to challenge the correctness of the plaintiff's demands, for fear that a failure to substantiate its own claim in every particular would result in working a forfeiture of all that had been paid. It is hardly necessary to assert the oft-repeated statement that forfeitures are abhorrent to the law, and will not be declared if there is any other reasonable theory upon which the case can be settled.

Again, under the ordinary rules of pleading, where there is an answer to a complaint, and issues joined, the court has jurisdiction to enter any judgment and give any relief consistent with the case made by the pleadings. In these conditional sales, the title is held only for security, and when that is accomplished and the vendor gets the whole amount due and costs expended in its recovery, he has certainly recovered all the damages that have resulted from a breach of the contract. This is the equitable doctrine which is supported by a great majority of the adjudicated cases. In

*Puffer & Sons Mfg. Co. v. Lucas*, 112 N. C. 377, 17 S. E. 174, 19 L. R. A. 682, certain personal property was sold by the plaintiff to the defendant, and the following provision was in what was termed a lease:

"But upon any breach of the provisions of this lease, especially upon failure by the said lessee to pay the several obligations, or either of them, as they become due and payable, then this lease, and any and all claim or right on the part of said lessee under the same, or to further use and possession of said property, shall be thereby terminated, and the said A. D. Puffer & Sons Mnfg. Co. may thereafter, at any time, enter the premises where said property may be, and resume possession of the same, without process of law, or let or hindrance, . . .."

In deciding the case, it was said:

"To permit the so-called 'lessor' to resume possession of the property, and declare all payments forfeited, when perhaps all but one may have been paid, is contrary to the fundamental principles observed in courts of equity;"

stating that, among the very few cases which might be considered as holding or intimating a contrary opinion is one from their own court, but distinguishing that case and finally concluding: "But if that is a just construction of the language used, the decision does not meet with our concurrence."

The same equitable doctrine has been announced by this court in *National Cash Register Co. v. Petsas*, 43 Wash. 376, 86 Pac. 662. There there was some agreement about turning in an old register on payment for the new, and receiving a credit of $43.75 therefor. This court, in speaking on that subject, said:

"In other words, respondent had the privilege of paying $43.75 by delivering the old register to appellant. He never made said payment. Consequently full payment for the new register has never been made. Said written order or agreement provided that the title to the new register should not pass until the purchase price should be paid in full. Said purchase price not having been paid, appellant was justified in bringing this action."

This is exactly a parallel case with the one at bar. According to the finding of the court, all the purchase price had not been paid, and the appellant in this case, as in that, was justified in bringing the action. But this court continued:

"The judgment of the honorable superior court is reversed, and the cause remanded to the trial court with instructions to grant judgment for the recovery of the new cash register, together with damages for its being withheld, unless within thirty days from the filing of the remittitur in the lower court the respondent shall deliver to appellant the old cash register in as good a condition as it was at the time of the commencement of this action, or to pay to the appellant the sum of $43.75 with legal interest thereon from the date of the commencement of this action."

To the same effect is *National Cash Register Co. v. Wapples*, 52 Wash. 657, 101 Pac. 227. Again, the controversy came up over the turning in as part payment of an old cash register at a certain given price, and this court said:

"In this case the installments were past due. None of the payments had been made at maturity, except the payments made at the time of delivery. All the subsequent payments were made after maturity. The vendee was in arrears with his payments, but he was not in default. And if he was in default, such default was waived by the vendor because no demand had been made for the property. The vendee might at any time, even after an action in claim and delivery was begun, pay the whole amount due with interest and costs, and acquire an absolute title."

See, also, *Gilbert Co. v. Husted*, 50 Wash. 61, 96 Pac. 835.

An equitable judgment, which was warranted under the pleadings, was rendered in this case, and the same will be affirmed.

Rudkin, C. J., Mount, Parker, and Crow, JJ., concur.