[No. 11000.   Department Two.   November 3, 1913.]

GROTE-RANKIN COMPANY, *Respondent*, v. D. C. BROWNELL
*et al.*, *Appellants*, GERTRUDE CORLEW *et al.*,
*Cross-Appellants.*[1]

ACTIONS—PLEADING AND ISSUES—CROSS-COMPLAINTS—RELIEF BE-
TWEEN DEFENDANTS—JURISDICTION.  In an action of replevin, the
court may grant relief in favor of one of the defendants against
another defendant, where by cross-complaints and joinder of issue
thereon, the parties had submitted the subject-matter to the juris-
diction of the court.

HUSBAND AND WIFE—COMMUNITY DEBTS—ACTIONS—JUDGMENT.
Where it is alleged that a wife had power of attorney from her hus-
band to run a hotel in her own name, and the allegation is admitted
by the husband and wife, a liability incurred by her is a community
debt; and an inadvertence in entering judgment against the wife
only will be corrected by directing judgment against the community.

Appeal from a judgment of the superior court for King
county, O. B. Thorgrimson, Esq., judge *pro tempore*, entered
April 22, 1912, upon findings in favor of the plaintiff, in an
action of replevin, tried to the court.   Modified.

*Jerold Landon Finch*, for appellants Brownell *et al.*

*Wm. Martin* and *Julius L. Baldwin*, for cross-appellants
Corlew.

*F. J. Carver* and *John Slattery*, for respondent.

MAIN, J.—The purpose of this action was to recover the
possession of certain personal property, or in lieu thereof, a
money judgment.   The cause was tried to the court without a
jury.   The facts as found by the trial court, so far as neces-
sary to an understanding of the questions here presented, are
substantially as follows:

On October 12, 1908, Gertrude Corlew, by contract of
conditional sale, purchased from the plaintiff certain furni-
ture and other hotel furnishings.   Subsequent to this, other

[1]Reported in 136 Pac. 145.

furniture was sold to Mrs. Corlew which was not covered by the conditional sale contract. But one account was kept by the plaintiff, and there was charged thereon both the items which were covered by the contract of conditional sale and those which were subsequently sold upon open account. Mrs. Corlew remained in possession of the property and made various payments, which, aside from the initial payment made upon the property purchased under the contract of conditional sale, were applied first, by the plaintiff, on the amounts due on the open account. The last payment made by Mrs. Corlew was on or about the 28th day of May, 1909.

Sometime early in the month of July, 1909, Mrs. Corlew sold all her right, title, and interest in and to the furniture which she had purchased from the plaintiff to the defendants Brownell and Winter. Under the terms of this sale, Brownell and Winter assumed and agreed to pay the plaintiff the balance due from Mrs. Corlew. Subsequent thereto, they took possession of the Hotel Corlew and all of the furniture and remained in possession until the time of trial. Brownell and Winter made various payments to the plaintiff, but there remained due and unpaid on the conditional sale contract the sum of $539.93, together with interest from the first day of June, 1910. The time for the payment of the balance due the plaintiff under the contract expired prior to the commencement of the action, and Brownell and Winter refused to make further or additional payment. Prior to the commencement of the action, demand was made upon Brownell and Winter for the possession of the property. At the time of the transfer of the hotel by Mrs. Corlew to Brownell and Winter, there was an unpaid interest balance due Grote-Rankin Company in the sum of $118.54, but Brownell and Winter were not aware of this interest being due under the agreement between them and Mrs. Corlew. They did not agree to pay this sum. Subsequently, however, they did make the payment under protest. There was due, therefore, from Mrs. Corlew to Brownell and Winter the sum of $118.54

together with interest.   The court entered judgment in favor
of the plaintiff and against the defendants Brownell and
Winter for the return of certain property, which was specified
in the judgment, and in the event that the property was not
returned, that then the plaintiffs have judgment in the sum
of $539.93, together with interest.   Judgment was also en-
tered in favor of Brownell and Winter and against Mrs.
Corlew for the sum of $118.54, together with interest at the
legal rate from July 9th, 1909.   Both Brownell and Winter
and Mrs. Corlew appeal.

Brownell and Winter complain of the judgment entered
against them for the reason, as they contend, that they only
assumed the balance due on the conditional sale contract, and
that the payments which had been made from time to time had
been credited upon this account and it was fully liquidated.
The plaintiffs claim that, as payments were made from time
to time, they were credited first upon the open account, and
that the balance due was upon the conditional sale contract.
The conditional sale contract provided that "any payment
made by the vendee may be applied upon any debt due the
vendor as the vendor may see fit."   The trial court found
that Brownell and Winter assumed and agreed to pay the
plaintiff the balance due at the time of the purchase from
Mrs. Corlew, and that there remained due and unpaid on the
conditional sale contract the sum of $539.93, together with
interest.   Whether Brownell and Winter, when they pur-
chased from Mrs. Corlew, agreed to pay the entire balance
of her account, or only agreed to pay the balance due upon
the conditional sale contract, is a question of fact.   Also, it
is a question of fact whether the payments made to Grote-
Rankin Company from time to time were credited first against
the charges made for goods sold upon open account.   Upon
these questions, the trial court found against Brownell and
Winter.   From an examination of the record, we are unable
to say that this finding is not sustained by the fair prepond-
erance of the evidence.

The Corlews complain because they were not dismissed out of the action, contending that, it being an action in replevin, the court was without power to adjudicate any question arising between them and another defendant. Gertrude Corlew and her husband Thomas D. Corlew, appeared in the action by answer and cross-complaint. The defendants Brownell and Winter filed an answer and cross-complaint to the cross-complaint of the Corlews. It will therefore be seen that, not only the subject-matter, but also the parties, were before the court. The judgment rendered against Mrs. Corlew was within the scope of the issues as framed by the pleadings. To at this time direct that the action as to the Corlews be dismissed, would simply mean the sending of the parties out of court in order that they again return to have their rights litigated. It does not appear that, in determining the matter in this proceeding, any of the parties have been prejudiced. Where the parties and the subject-matter are both before the court, judgment may be entered which gives relief consistent with the case made by the pleadings. As was said by the court in *Standard Furniture House v. Burrows*, 59 Wash. 455, 110 Pac. 13:

"Again, under the ordinary rules of pleading, where there is an answer to the complaint, and issues joined, the court has jurisdiction to enter any judgment and give any relief consistent with the case made by the pleadings."

It is also contended by Mrs. Corlew that Brownell and Winter assumed and agreed to pay the entire balance, including the interest account which she, at the time of the sale to them, owed to Grote-Rankin Company. Upon this question, the evidence is inharmonious, but we think the weight of the evidence sustains the conclusion of the trial court.

Finally, it is contended by Brownell and Winter that their judgment should have been against both of the Corlews, rather than against Mrs. Corlew only. Brownell and Winter, in paragraph four of their cross-complaint, allege that Gertrude Corlew was conducting the hotel in question under the

name of Hotel Corlew, and had full power of attorney from her husband so to do and to sell and dispose of the business. In the answer and reply of the Corlews to this cross-complaint, the allegation of paragraph four appears to be admitted. The Corlews, in their brief, substantially admit that the fact that the judgment was rendered against Mrs. Corlew instead of against herself and husband was an inadvertence. It would seem plain that this judgment should have been against the community composed of Mr. and Mrs. Corlew.

The judgment in favor of the plaintiff and against Brownell and Winter will be affirmed. As to the judgment in favor of Brownell and Winter and against Mrs. Corlew, the superior court will be directed to enter a judgment in accordance with the views herein indicated. The respondents will recover costs in this court against the appellants. No other costs will be allowed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.