(87 Misc. Rep. 330)

### HAUSS v. SAVARESE.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION—SUIT TO FORECLOSE "LIEN UPON A CHATTEL."

Under Municipal Court Act (Laws 1902, c. 580) § 139, providing that no action shall be maintained in the Municipal Court of the city of New York which arises on a contract of conditional sale of personal property or a chattel mortgage made to secure the purchase price of chattels, except an action to foreclose the lien, and that for the purpose of that section an instrument in writing as above stated shall be deemed a lien upon a chattel, a written conditional sale agreement for the sale of personal property is deemed a "lien upon a chattel," and an action to foreclose such lien is within the jurisdiction of the Municipal Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SALES (§ 479*)—CONDITIONAL SALES—FORECLOSURE OF LIEN—DEFENSES.

Under a conditional sale agreement providing that title should not pass until the purchase price was fully paid, and that if there should be a default in any payment the seller might repossess himself of the property, it was not a defense to an action to foreclose the lien that the chattels which had been delivered and for a long time constantly used by the buyer were in a defective condition, as title never passed to the buyer, and to entitle him to relief he should have paid the purchase price and brought an independent suit for any breach of warranty or breach of the contract by the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432; Dec. Dig. § 479.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Hauss against Rafaele Savarese. From a judgment dismissing plaintiff's complaint, he appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Harris Koppelman, of New York City, for appellant.

Arthur Goodstein, of Brooklyn, for respondent.

COHALAN, J. The action was brought to foreclose a lien on chattels sold under a conditional bill of sale, and the answer was a general denial. The chattels were butcher fixtures, and the agreed price therefor was $330. It is not disputed that all of the fixtures were delivered and were in constant use by the defendant. The defendant, however, asserted that they were received in an unsatisfactory condition, and, while he did not interpose a counterclaim for damages for alleged repairs, he contends that the balance of $70 due should not be paid on account of the imperfect condition of the fixtures.

[1, 2] Under section 139 of the Municipal Court Act the court had jurisdiction of the action. A written conditional sale agreement for the sale of personal property is deemed a lien upon a chattel. Singer Sewing Machine Co. v. Leipzig, 113 N. Y. Supp. 916; Simpson Crawford Co. v. Knight, 130 N. Y. Supp. 236. It was the manifest intention of the parties as evidenced by the written agreement (1) that title would not pass until the purchase price had been fully paid; and (2) if there should be a default in any payment, plaintiff's assignor would have the right to take, remove, and repossess himself of the fixtures. It does not now avail the defendant to say, after long usage of the chattels, that the ice box was in a leaky condition and that the window rails were loose, so as to resist the foreclosure of the lien on the chattels for the sum of $70. Title in him never passed under the express covenant contained in the agreement. The sale had not been completed. To entitle the defendant to relief, it must appear affirmatively that the defendant, under the agreement, had paid the entire sum due. English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672; Osborn v. Gartz, 60 N. Y. 540. In the case of English v. Hanford, supra, the plaintiff sued for a breach of warranty on a contract, which agreement was based upon a conditional sale, and the court said:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The evidence clearly shows that she never completed her contract for the purchase, and that she never had a clear, full, absolute, unconditional title to the property prior to the commencement of this action.   In Benjamin on Sales, under the head of 'Remedies of the Buyer,' at page 855, are found the following words: 'But no action will lie on a warranty unless the title has fully passed to the buyer.   Therefore, where the sale was conditional on payment of the full price which was due, in installments, and the last installment had not been paid, it was held in Frye v. Miligan (1885) 10 Ont. 509, that no remedy yet existed on the warranty.   Benj. on Sales (Bennett's Ed. 1885).'   In Osborn v. Gantz, 60 N. Y. 540, it was held, viz.: 'A warranty is an incident, only, of a completed sale.   It has no present vitality and force in an executory contract of sale.'"

If the defendant had any claim by reason of any alleged breach in the failure to deliver the chattels as agreed by plaintiff's assignor, his action should have been brought independent of the plaintiff's suit and subsequent to the payment of the entire sum under the agreement. Hence it was error to dismiss the complaint.

It follows that the judgment dismissing the complaint should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.