# BALLINGER v. WEST PUBLISHING COMPANY.

SALES; ELECTION OF REMEDIES; EQUITY.

The vender in a conditional sale or instalment contract, by the terms of
which the property in the goods sold is reserved by the vender
until the purchase price is paid, is not, in case of default by the
vendee, limited to an election either to sue at law for the balance
due or to retake the goods, retaining the amount paid as forfeited;
but may maintain a bill in equity to subject the goods to the
satisfaction of his equitable lien created by the contract, and for
a money decree against the vendee for any deficiency if the amount
realized from the sale of the goods fails to liquidate the balance
due.

No. 2805. Submitted May 4, 1915. Decided May 28, 1915.

HEARING on an appeal from a decree of the Supreme Court
of the District of Columbia holding an equity court, enforcing
a lien upon goods which were the subject of a conditional sales
contract.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a decree of the supreme court of the Dis-
trict of Columbia foreclosing a lien under a conditional sale.

Appellant, Webster Ballinger, defendant below, purchased
law books from plaintiff publishing company, and entered into
a contract whereby it was expressly provided that the title to
the books should remain in plaintiff until paid for. The con-
tract called for the payment of the consideration in monthly
instalments until the full amount should be paid. It also con-
tained the provision that, in the event defendant should default

Note.—The rights of vender in a conditional sale on default by vendee
are set forth in note in 32 L.R.A. 455.

in any of the payments, he should surrender to plaintiff the books included in said contract.

After about 25 per cent of the purchase price had been paid, defendant defaulted, and plaintiff filed a bill in equity praying the following relief: "That the plaintiff be given judgment and decree for the balance of purchase price and interest due to it; that the same be decreed a lien on the property described in said contract of February 8, 1908; that its said lien be foreclosed and the property described in said contract be sold to satisfy the amount of said decree and lien and the costs and expenses of this suit; that it be awarded a judgment and decree for any deficiency that may arise after the application of the proceeds of said sale and execution therefor as at law; and that it recover its costs." Defendant answered, and the parties stipulated that the facts set forth in the bill as to the books purchased, the contract of sale, the amounts paid thereon, the balance due, the default and defendant's possession of the books, were true.

A decree was entered appointing a receiver to sell the books, and ordering that "out of the proceeds of such sale there shall be first paid the expenses of making the same and the fees of the receiver; next, the costs of this suit, and the amount remaining shall be applied upon the sum due the plaintiff as hereby decreed, and if there be a surplus it shall be paid to the defendant, but if there be a deficiency the plaintiff shall have judgment therefor and execution upon said judgment as at law."

The appellant, *Mr. Webster Ballinger,* appeared in proper person.

*Mr. H. Winship Wheatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The important question is whether the remedy adopted is open to plaintiff. Defendant insists that plaintiff was limited to an election either to sue at law for the balance due or to take

the books, defendant forfeiting the amount paid thereon. This contention has support. It has been held that the vender, upon the breach of the condition, may elect either to treat it as an absolute sale, and sue for the price, or to treat the sale as a nullity and retake the property; but he cannot do both. *Sanders* v. *Newton,* 140 Ala. 335, 37 So. 340, 1 Ann. Cas. 267. The law as to the rights of the parties to a contract of conditional sale is by no means uniform in the American states. We think, however, that by the great weight of authority, the court below was well within its jurisdiction. The contract imposed upon defendant a personal liability to pay the full purchase price. Although the contract reserved title to the property in the vender, and gave him a right to declare a forfeiture upon default of payment, that was not his only remedy. The law abhors forfeitures; and, largely to prevent possible abuses under a hard and fast construction, courts of equity have gradually extended relief, primarily for the protection of vendees from unconscionable forfeitures. The authorities upholding equity jurisdiction "establish the principle that while such a sale is not a mortgage, and the title to the personal property does not pass from the conditional vender to the vendee, still it is in the nature of a mortgage, and is nothing more than a lien retained as a provision for the security of the payment of the purchase money." *Southern Ice & Coal Co.* v. *Alley,* 127 Tenn. 173, 154 S. W. 536.

The right of a vender under a conditional sale to invoke the jurisdiction of a court of equity is defined in the case of *Re National Cash Register Co.* 98 C. C. A. 425, 174 Fed. 579, as follows: "In equity the reserved title of the vender is regarded as in the nature of a security for the payment of the price, and in some states it is held that such a conditional sale is the equivalent of an out and out sale and a mortgage back to secure the payment of the purchase money. At law the transfer of the property gives to the vendee the right to the possession so long as he is performing his agreement to pay. But when he fails to do this, his right to the possession ceases, and he then holds it for the vender. But in equity these considerations are regarded

as technical merely, and the court will look to see whether the vender has such a hold or claim upon the property as entitles him to subject it to the payment of the purchase money. The maxim that equity follows the law is inapt where the legal remedy is inadequate to the enforcement of equitable rights."

It seems to be settled by the weight of authority that where a sale is made of property on what is known as the "instalment plan," providing for stated payments, evidenced by a contract continuing the title in the vender until all payments are made, with a condition that upon default of the vendee his right in the property shall fail and the vender shall have the right to a surrender of the property and to treat all payments made as forfeited, the vender may elect to consider the property as security for the payment of the balance due, and may invoke the aid of a court of equity to the extent of subjecting the property to the satisfaction of the equitable lien thus created, and have a judgment against the vendee for any deficiency should the amount realized from the sale of the property fail to fully liquidate the balance due. *McDaniel* v. *Chiaramonte,* 61 Or. 403, 122 Pac. 33; *Standard Furniture House* v. *Burrows,* 59 Wash. 455, 110 Pac. 13; *Fred W. Wolf Co.* v. *Hermann Sav. Bank,* 168 Mo. App. 549, 153 S. W. 1094; *Gigray* v. *Mumper,* 141 Iowa, 396, 118 N. W. 393; *Singer Sewing Mach. Co.* v. *Leipzig,* 113 N. Y. Supp. 916; *Hollenburg Music Co.* v. *Morris,* — Tex. Civ. App. —, 35 S. W. 396; *Campbell Printing Press & Mfg. Co.* v. *Powell,* 78 Tex. 53, 14 S. W. 245; *Simpson Crawford Co.* v. *Knight,* 130 N. Y. Supp. 236.

The distinction between the ordinary common-law lien and the equitable lien thus created is defined in 3 Pom. Eq. Jur. 1st ed. 230, § 1233, as follows: "It is simply a right of a special nature over the thing, which constitutes a charge or encumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists. It is the very essence of this condition that, while the lien continues, the possession

of the thing remains with the debtor or the person who holds the proprietary interest subject to the encumbrance. The equitable lien differs essentially from the common-law lien, which is simply a right to retain possession of the chattel until some debt or demand due to the person thus retaining is satisfied, and possession is such an inseparable element that, if it be voluntarily surrendered by the creditor, the lien is at once extinguished." This sort of equitable lien was recognized in *Walker* v. *Brown*, 165 U. S. 654, 41 L. ed. 865, 17 Sup. Ct. Rep. 453, and *Ingersoll* v. *Coram*, 211 U. S. 335, 53 L. ed. 208, 29 Sup. Ct. Rep. 92.

The jurisdiction of the court to entertain this action being the important question in the case, it becomes unnecessary, in view of the conclusion reached, to consider the minor and dependent propositions advanced at bar and in brief of counsel.

The decree is affirmed, with costs.          *Affirmed.*

Petitions by the appellant for a rehearing and for the allowance of an appeal to the Supreme Court of the United States were denied October 5, 1915, and October 9, 1915, respectively.