apply the proceeds thereof on account of the amount due on said chattel mortgage held by said defendant Obermeyer & Liebmann from the defendant Doremus, which at this date is the sum of $1,500 and interest from the date thereof.

VI. That no personal judgment should be entered against the defendant Abraham W. Doremus by reason of the overpayment to him by the plaintiff of the sum of $125, specified in the eleventh finding of fact herein, for the reason that said Doremus has not been heard in this action as to any offsets he may claim to have against the said sum as due him from the plaintiff, but the rights of the plaintiff to recover the amount due her from said Doremus by reason thereof shall not be merged in the judgment herein or affected in any way thereby.

VII. That none of the parties hereto should receive costs of this action.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Percy L. Housel, of Riverhead, for appellant.

Sidney A. Clarkson, of Brooklyn (Albert A. Hovell, of Brooklyn, on the brief), for respondents.

PER CURIAM. [1, 2] Obermeyer & Liebmann disavow any obligations on account of the contract between Doremus and the plaintiff. They are therefore not in a position to enforce specific performance, although they may submit to the direction of the court in that regard. Doremus, although a party to the action, has never offered to perform, nor does he ask for specific performance, although in open court he seems to have consented to it. He is overpaid by $125, through misrepresentation or misunderstanding as to the amount of the mortgage. Therefore the plaintiff should not be obliged to perform against her will. There is no judgment or finding as to the cause of action sought to be alleged in the complaint against Obermeyer & Liebmann, but the record shows that no cause of action has been proven.

The judgment should be amended so as to provide for the dismissal, on the merits, of the complaint against Obermeyer & Liebmann. The judgment so far as it directs specific performance should be reversed, without costs, unless plaintiff shall, within 20 days after entry of the order of this court, serve on defendants' attorneys notice whether she accepts specific performance as provided by the judgment. In case of such election, the judgment, amended as above, is affirmed, without costs. Settle order before THOMAS, J.

---

(93 Misc. Rep. 174)

SHIMEL v. WILLIAMS OVEN MFG. CO. (two cases).

(Supreme Court, Appellate Term, First Department. January 24, 1916.)

1. SALES �köä398—REMEDY OF BUYER—RECOVERY OF PRICE PAID.
    Where, in an action to recover the price paid for an oven, the judgment was for the amount of the purchase price, defendant's motion to reduce the judgment, on the ground that the demand for damages was smaller than the amount of the judgment, was properly denied.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1137-1139; Dec. Dig. ⊙ɕ398.]

2. SALES ☞391—RECOVERY OF PAYMENTS.

    Where plaintiff sued for the price paid for an oven not fully paid for under a conditional sale contract on the theory of rescission, it was error to dismiss the action on the ground that title had not passed to plaintiff, since under Personal Property Law, § 150, added by Laws 1911, c. 571, providing remedies for breach of warranty, an action lies to recover the price paid on the ground of rescission, whether the sale is an absolute or conditional one.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. ☞391.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Two actions by Jonah Shimel against the Williams Oven Manufacturing Company, owners of and doing business as Middleby Oven Company. From a judgment of the Municipal Court, dismissing his complaint in one action, plaintiff appeals. From judgment for plaintiff in the other action, and an order denying a motion to reduce the verdict, defendant appeals. Judgment dismissing the complaint reversed, and judgment for plaintiff affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Max Silverstein, of New York City, for plaintiff.

James N. Catlow, of New York City (Alfred M. Bailey, of New York City, of counsel), for defendant.

FINCH, J. One of these actions was brought to recover the entire purchase price, and the other payments on account of the purchase price for ovens respectively purchased of the defendant by the plaintiff for his Rivington and Houston street stores. Plaintiff claims that the ovens are not in accordance with certain oral representations alleged to have been made by defendant's agent at the time of the sale. These ovens were sold upon condition that title was not to pass to the plaintiff until they were entirely paid for. One action was dismissed by the court because it was undisputed that title to the oven had not yet passed to the plaintiff because payment had not been completed. In the other action the jury found that full payment had been made, and that a warranty had been broken, and awarded plaintiff the amount demanded (which by mistake was $2.50 less than the amount paid for the oven). The pleadings were oral.

The proof shows that on March 6, 1914, plaintiff made a written contract for one oven for the Rivington street bakery at the price of $475, and on April 3, 1914, made a written contract for the other oven for his Houston street bakery at the price of $565. It took five or six days to install each oven. Two witnesses testified for the plaintiff that the president of the defendant said, in inducing the plaintiff to order the first oven, that it would only cost $5 a month for coal, that the oven would bake continuously, though fired only once a day, and that, if it did not do plaintiff's baking better than his gas oven, defendant would take it back and return the purchase price.

Defendant's president denied making any such representation. Four witnesses testified for the plaintiff that when the ovens were completed they could not be used because they did not sustain their heat, that the tops of the cakes would be burned while the bottoms were raw, and that the plaintiff has had to revert to the gas ovens. Defendant's witness testified that the ovens baked properly, and that plaintiff and his workmen expressed satisfaction with the ovens. The ovens are still standing in plaintiff's shops, and plaintiff has offered to return them to the defendant if the latter would take them out.

Of the purchase price of the first oven ($475) plaintiff paid $100, when the order was given, $237.50 when the installation was in progress, and on May 29th, about seven weeks after completion of the oven, plaintiff sent a check for $137.50, which was the exact amount remaining unpaid on the first oven. There was already a note overdue for a payment on account of the Houston street oven, and the note which defendant held for $137.50 did not come due until the 1st of June. Plaintiff testified that he gave the check on the 29th of May, before the note was due on June 1st, so that the defendant might have a couple days to fix up the oven before he would deposit the check, and that plaintiff notified him that unless the oven was made to work that he would stop payment on the check. Defendant deposited the check on the 2d of June. The defendant denied the directions given by the plaintiff in regard to the application of this check. The court left it to the jury to say, and the jury decided that the payment was intended by the plaintiff to be applied to the first oven, and the evidence is ample to sustain that findings; so the first oven has been entirely paid for. On the second oven, there is concededly some portion unpaid; the plaintiff claiming that the amount paid was $415, leaving $150 still unpaid.

The parties in the court below apparently failed to keep in mind the difference between an action for damages for breach of warranty and an action to recover the purchase price on the theory of a rescission of the contract based on the breach of warranty. As noted above, the pleadings were oral, and the summons originally had indorsed on them, "Action for fraud;" but at the beginning of the trial, by the consent of both parties, this indorsement was changed to read, "Breach of warranty." Why the plaintiff so termed the actions may have been due to the heading of section 150 of the Personal Property Law, noted below. A consideration of the whole record makes it necessary to treat the actions as actions, not for breaches of warranty, but for recovery of the purchase price on the theory of a rescission of contract. If these actions cannot be so considered, then, of course, the judgments should be reversed, since the plaintiff did not attempt to prove damages.

A large portion of the brief of the appellant is taken up with a consideration of the question as to a possible confusion arising out of the designation of the actions as Nos. 1 and 2 by the counsel and the court. The record shows clearly, however, that there was no confusion, either in the minds of the court, counsel, or jury, concerning the fact that the cause of action arising out of the Rivington

street oven was submitted to the jury, and the cause of action arising out of the Houston street oven was dismissed at the close of the plaintiff's case.

[1] After the entry of judgment, the defendant made a motion to reduce it, on the ground that the demand for damages on the Rivington street ovens was for a smaller amount than awarded. The court properly denied this application, because it was uncontradicted that the judgment was in accord with the purchase price paid for the Rivington street oven and with the facts as submitted to the jury upon which their verdict was based. In the consideration of this cause of action growing out of the Rivington street oven, enough has been said to show that the controversy was fully and clearly submitted to the jury, and their verdict should not be disturbed.

[2] As the actions were tried on the theory of a rescission of the contract, and for the recovery of the amount paid on account of the purchase price, it was error for the court to dismiss the complaint in the action arising out of the Houston street oven, even though the title to the oven had not yet passed to the plaintiff on account of his failure to complete the payment of the purchase price. The complaint was dismissed on the authority of Hauss v. Savarese, 87 Misc. Rep. 330, 149 N. Y. Supp. 938, and Carpenter v. Chapman, 139 N. Y. Supp. 849. These cases relate to actions where damages are claimed on the collateral agreement of warranty, and not where an action is brought on the theory of a rescission of the contract and for a recovery of the purchase price. At common law the rule, of course, was well settled that, where a purchaser sought to keep the chattel and recover in an action for damages on the warranty, such action could not be maintained until the title to the article was in the purchaser. As has been shown, the actions at bar were actions, not for damages, but for the recovery of the purchase price, based on the theory of a rescission of the contract, and there is a clear distinction on that ground.

In the case at bar, as the entire purchase price had not been paid on the Houston street oven, and as this oven was sold under a conditional bill of sale, title, of course, had not passed to the plaintiff. Whether at common law a purchaser could rescind the contract and maintain an action for the amount already paid on account of the purchase price, even where the article was sold upon the condition that title should not pass until the full payment of the purchase price, it is not necessary now to decide. By the Personal Property Law it is provided as follows:

"Sec. 150. *Remedies for Breach of Warranty.* 1. Where there is a breach of warranty by the seller, the buyer may, at his election, * * * (d) rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the purchase price or any part thereof which has been paid."

It is clear from the above-quoted section that an action may be brought on the theory of a rescission of the contract and for a recovery of the amount paid on account of the purchase price, whether

the sale is an absolute or a conditional one. Peuser v. Marsh, 153 N. Y. Supp. 381; G. B. Schearer Co. v. Kakoulis, 144 N. Y. Supp. 1077.

The judgment entered upon the verdict of the jury should be affirmed, with $25 costs, and the judgment entered upon the dismissal of the complaint must be reversed, and a new trial ordered, with $10 costs to the appellant to abide the event. All concur.