[No. 17234.  Department Two.  February 7, 1923.]

CECIL F. SEKOR, *Appellant,* v. ANDREW ANDERSON, *Respondent.*[1]

LIENS (2)—STATUTES—LIENS ON CHATTELS—POSSESSION OF MECHANIC. An owner of an automobile, held for a lien for repairs, action for which was compromised by agreement giving the repairer a definite time for completing the repairs, is not, in any case, entitled to take possession of the car prior to the time agreed upon for completion of the repairs.

REPLEVIN (25-1)—SET-OFF AND COUNTERCLAIM (11)—CLAIMS CONNECTED WITH SUBJECT OF ACTION. A counterclaim for repair work on an automobile is expressly authorized in an action of replevin by Rem. Comp. Stat., §§ 264, 265, providing for a counterclaim where it arises from a cause of action connected with the subject of the action.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered December 30, 1921, upon findings in favor of defendant upon his counterclaim, in an action in replevin, tried to the court. Affirmed.

*Jesse Thomas,* for appellant.

*Remann & Gordon,* for respondent.

[1]Reported in 212 Pac. 578.

FULLERTON, J.—Appellant, Cecil F. Sekor, brought this action in replevin to recover from respondent, Andrew Anderson, possession of an automobile, claiming that it was taken from him by force and intimidation. Respondent answered, setting up lawful possession, and counterclaimed for $381.95 for repair work done on the car, supplies furnished, and the like. From a judgment in favor of respondent foreclosing his lien against the car for the amount claimed, together with costs and attorney's fees, this appeal is prosecuted.

It appears from the record that respondent had at an earlier date done some repair work on the car for which he charged $489.30, and upon which $155 had been paid, leaving a balance of $334.30, to secure which he had filed notice of lien and started foreclosure proceedings. The proceedings were settled by a written agreement of compromise entered into on May 28, 1921, under which respondent was to take over the car and place it in good running order within a period of fourteen days. Provision was made in the agreement for tests to be made by two mechanics, one appointed by each of the parties, to determine whether the repairs, when made, complied with the agreement. It was further provided in the agreement that if these mechanics could not agree, a third was to be selected by them, whose decision was to be final; and also provided that, if the car was not put in good running order, appellant was to take it free of respondent's lien, but if the car was in satisfactory condition, appellant was to pay the claim, together with the price of any oil, gas, materials or parts used in performing the work under the agreement, such payment to constitute payment in full of all claims of respondent.

On the morning of June 11, two weeks from the day respondent took over the car, he notified appellant that the car was ready to be tested. Appellant's attorney

in fact, Mrs. Bertha Sekor, went to the garage with one Johnson, a mechanic selected by the appellant to make the test, where they met respondent's son and one Nelson, respondent's mechanic. In driving the car for the purpose of testing it, the two mechanics occupied the front seat, and Mrs. Sekor and respondent's son the back seat. There is a decided dispute as to the result of these tests. Mrs. Sekor testified that neither mechanic was satisfied, while Nelson testified that he considered the car in good condition, needing one or two minor adjustments, but that Johnson did not agree with him. At any rate, the car was driven to the Oldsmobile garage where one Dennis, an expert on this particular make of automobile, was selected as the third man to decide the dispute. He spent some time driving the car around, and then told Mrs. Sekor that the engine was stiff and should be driven slowly for two or three hundred miles and that the carburetor should be adjusted, a work that would take only ten or fifteen minutes. When these tests were completed, Mrs. Sekor, under the theory that the work of placing the car in condition had not been completed as specified within the time limit, stayed in the car and asserted her right to its possession as agent of the appellant. She was only persuaded to leave after an officer was called.

The court below, among others, made the following findings of fact:

"Thereafter, and upon the 11th day of June, 1921, the plaintiff and defendant each designated a disinterested automobile mechanic to test the said car, and the said automobile mechanics designated a third mechanic as provided in said agreement, and thereupon the said automobile was tested by the said two mechanics so first selected and they were unable to agree to the condition of said car, and thereupon referred the same to the third mechanic so selected, and the said third mechanic thereupon tested the said automobile and the

same was in fact, and the said third mechanic found, that the same was in the condition and order required by said agreement, and that the same satisfactorily performed the test as required by said agreement, and the said third mechanic so reported to the said plaintiff. That nothwithstanding the said test and decision and report, the plaintiff refused to pay the sum of $316.30, together with the said sum of $25 for oil, gas, materials and parts used and supplied by the defendant under the terms of said agreement, and refused to pay any sum whatever upon said accounts, or either of them, and demanded the immediate possession of said automobile, which demand was by the defendant refused, and the said automobile has ever since said time been and remained in the possession of the defendant, and the defendant has not at any time since the said automobile was delivered to him by the plaintiff, on May 28, 1921, returned or surrendered the same or the possession thereof to the plaintiff, and has kept and claimed the same under and by virtue of the facts hereinabove set forth and of said agreement, and not otherwise.''

While there is conflicting testimony, we are clear that these findings are fully sustained by the weight of evidence. But conceding that the car was not in perfect condition with respect to the carburetor, the appellant could not rightfully have taken possession of it as was attempted, as that day was within the limit of time within which the respondent had to repair the car, and there is abundant testimony that there was plenty of time remaining for respondent to make the small adjustments necessary before the end of the day, and the adjustments were so made during the day.

It is further contended by appellant that respondent could not interpose his counterclaim in this action, under the rule that a counterclaim cannot be interposed in an action of replevin. The soundness of this, as a general rule, will not be questioned, but there are recognized exceptions to it. In 34 Cyc. 1417, it is said:

"But this rule has been so far modified as to allow the interposition of a counter-claim in the full sense of the code, whether arising on contract or based upon a tort, in an action of replevin, whenever such counter-claim is founded upon a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or whenever it is connected with the subject of the action. . . . In other decisions counter-claims in replevin suits are not only sustained, but enforced to the extent of granting affirmative relief to defendants by judgments in their favor for amounts above the amounts found to be due to plaintiffs. That is to say, the counter-claim is enforced, in its proper sense, as a separate cause of action in favor of a defendant, and not merely as matter of defense against a plaintiff's case."

Under §§ 264 and 265, Rem. Comp. Stat., a defendant is expressly permitted to set up a counterclaim where it arises from a cause of action "connected with the subject of the action." This, or similar language, has been held sufficiently broad to permit the setting up of a counterclaim in an action of replevin. See note, Ann. Cas. 1913A 107.

In 23 R. C. L. 923, it is said:

"In many of the jurisdictions which have adopted a code of civil procedure, it is provided with respect to set-off and counterclaim in general that the answer may contain a statement of any new matter constituting a counterclaim, which is defined to be a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. This language has, in a number of cases, been held sufficiently comprehensive to permit the setting up in an action of replevin of a counterclaim coming within the terms of the definition."

This court has heretofore permitted counterclaims in replevin actions. *Gilbert Co. v. Husted*, 50 Wash. 61, 96 Pac. 835; *Grote-Rankin Co. v. Brownell*, 76 Wash.

335, 136 Pac. 145; *Standard Furniture House v. Burrows,* 59 Wash. 455, 110 Pac. 13.

As was pointed out in the *Grote-Rankin Company* case, to deny to respondent a hearing on his counterclaim "would simply mean the sending of the parties out of court in order that they again return to have their rights litigated."

In the early case of *Meeker v. Johnson,* 3 Wash. 247, 28 Pac. 542, this court said:

"This is evidently the object of our statute, to combine the actions of replevin and trover, and to adjudicate in one action all the questions involved, and which are necessary to completely determine and settle the matter in controversy. This is the general policy of the law, and such a construction will be put upon a statute whenever its terms will permit."

Unquestionably the counterclaim in this case, by which defendant sought to establish a lien on the car, concerned the subject-matter of the original action. Appellant argues, however, that the exception to the general rule should not be here applied because of the fact that possession of the article sought to be replevined was obtained by force and intimidation. It is needless to discuss the question, as the court below found that the car had not been in the possession of appellant upon the date in question, and this finding is fully supported by the evidence.

The other assignments of error have been disposed of by what we have said on the questions discussed.

The judgment is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.