*Southern District*

**JOHN J. McNULTY**

**v.**

**BAKER CORPORATION**

*Present:* Nash, P. J., Callan & Sgarzi, JJ.

Case tried to *Colten, J.,* in the Municipal Court of Brookline. No. 1390 of 1958.

*Sgarzi, J.* This is an action of tort alleging conversion by the defendant of a 1956 Ford automobile on or about November 8, 1958. The answer is a general denial and allegation of breach by the plaintiff of a contract by which he obtained possession of the automobile. No evidence was offered at the trial but the parties submitted to the trial justice a written statement entitled "Stipulation of Facts". This statement, which is included in the report, sets forth the facts, agreed to by the parties upon which the court was to base its decision on the issue of liability. In the event of a finding for the plaintiff the statement contained a recital of the evidence and contentions of each party relating to the question of damages.

On the issue of liability the parties agreed that the defendant, a business corporation, was engaged in the sale and servicing of new and used cars with a place of business in the town of Brookline. The plaintiff, also a resident of Brookline, on March 10, 1958 placed an order with the defendant for a 1956 nine passenger Ford Country Sedan for $1995.00. Against this purchase price the buyer was to receive a credit of $795.00 for a 1955 Ford Station Wagon which he delivered to the defendant and which is referred to in the report as the "turned in station wagon". The plaintiff executed a bill of sale which provided that "the property so transferred is fully paid

for, has no lien of any kind whatsoever against it."

On March 11, 1958 the defendant delivered the 1956 station wagon to the plaintiff who executed a conditional sale contract which contained a description of the car, the price stated at $1995.00, a down payment of $795.00 representing the allowance for the "turned in station wagon" which is also described, leaving a balance of $1200.00. The finance charge is shown as $143.88 making a total of $1343.88 which the plaintiff agreed to pay in 18 monthly installments of $74.66 each. The contract also contained a provision that "in case of default in any term hereof, or if Seller shall deem itself insecure, the unpaid balance shall become due immediately and Seller may repossess the property." The defendant assigned the conditional sale contract to the National Shawmut Bank of Boston and the plaintiff at all times material to the issue has made the payments called for by the contract.

On or about September 1, 1958 the defendant learned that the "turned in station wagon" which he received from the plaintiff and for which he had given the plaintiff a credit of $795.00 in the conditional sale contract was in fact a stolen car and the plaintiff had no title to it at the time of the sale. As a consequence of this, the defendant having already sold the "turned in station wagon", it was required to pay the sum of $600.00 to perfect the title of the new purchaser.

As soon as the defendant learned that the

"turned in station wagon" was a stolen car, it communicated the fact to the plaintiff and on a number of occasions demanded from him the payment of $795.00 to make good the credit which had been allowed for the car. The plaintiff refused to make this payment. On September 24, 1958 the defendant repurchased the conditional sale contract from the National Shawmut Bank and after notice of intention to repossess did in fact repossess the car on November 8, 1958.

Both parties seasonably filed requests for rulings of law. The Court found for the defendant and made the following findings "I treat this as a case stated and consequently am not acting on the Requests for Rulings. I find that the plaintiff had not defaulted in his payments. I find that the defendant had demanded further consideration to take the place of the credit given for the stolen turned in car, that the plaintiff refused to do so and therefore I find that the defendant found itself insecure as the term is used in the contract and had the right to repossess said vehicle."

The plaintiff claiming to be aggrieved by the finding for the defendant, the special findings and the failure of the judge to act on his Requests for Rulings duly filed his claim for report.

It is well settled that when an issue is presented as a case stated, the judge is not required to pass upon Requests for Rulings of Law. As was stated in the case of *Associ-*

*ated Discount Corp. v. Gillineau,* 322 Mass. 490,

"It was the duty of the judge to order the correct judgment upon the case stated. The requests for rulings of law had no standing."

See also *Redden v. Ramsey,* 309 Mass. 225. The judge was warranted in treating the case as a "case Stated" since all of the facts bearing upon the issue of liability were agreed to by the parties in the "Stipulation of Facts" and he therefore was not required to pass upon the plaintiff's requests for rulings of law. *Howland v. Stowe,* 290 Mass. 142. The question raised by the report is whether on the facts stated the judgment of the court can find support in law. *Harvard Trust Co. v. Racheotes,* 337 Mass. 73.

While the plaintiff concedes that the defendant is entitled to be reimbursed for the value of the stolen "turned in station wagon" he argues that this does not give it the right to repossess the car since there was no default in the payments called for by the contract. The defendant argues that it had a right to repossess, first because there was a default in a term of the contract and second because it had a right to consider itself insecure.

The credit of $795.00 given by the defendant to the plaintiff in the conditional sale contract for the "turned in station wagon" was a material and important term of the contract. When it was discovered that the plaintiff had no title to this car there was a failure of consideration which went to the heart of the contract and the defendant was justified in

treating this as a default in one of its essential terms. *Palmer v. Guillow,* 224 Mass. 1.

In the case of *National Cash Register Co. v. Petsas,* 86 Pacific 662 (1906) there was a contract for the conditional sale of a cash register in which the buyer was to turn in an old register at a specified valuation. Upon his failure to turn in the register or to pay the amount allowed, the Supreme Court of Washington held that the seller was entitled to recover the new register and that his remedy was not limited to the recovery of the old register or its value.

The contract in question also contained a provision giving the conditional vendor the right to repossess if it deemed itself insecure. While no Massachusetts cases dealing with this subject have been brought to our attention, in other jurisdictions insecurity clauses such as this are valid and enforceable provided the seller acts reasonably and not in an arbitrary manner. See 78 CJS 375, Sales §602(c).

In the case of *Jacksonville Tractor Co. v. Noseworthy,* 114 So. 2nd. 463, a Florida case decided in 1959, it was stated that the right to repossess under an insecurity clause arises when under all the facts and circumstances an ordinarily careful and prudent person would have deemed himself insecure in the premises. *Bullock v. Young,* 118 A 2nd 917; *C. I. T. Corp. v. Smith,* 193 S. E. 261; *Swain v. Schild,* 117 N. E. 933; *Hines v. Pacific Car Co.,* 188 Pacific 29.

The question in this case is whether the defendant in deeming itself insecure acted reasonably or whether the action was arbitrary. Insecurity occurs when there is an adverse relationship between the amount of the debt and the value of the property given to secure it. This can be brought about either by diminishing the value of the security or by increasing the amount of the debt. In the instant case if there had been no default in the initial payment through the circumstance that the plaintiff had no title to the "turned in station wagon" the value of the car in question would have been ample to secure the remaining debt, but when this circumstance was discovered the debt owed by the plaintiff for the car which he bought became $795.00 higher.

Unless limited by the terms of the contract the retention of title by a conditional vendor is not only for the purpose of securing future payments but for the purpose of securing payment of the purchase price in full.

The contract in question provided that title was to remain in the seller "until total time price is paid," the total time price being defined as the sum of the future payments, $1343.88 plus the allowance for the property traded in, $795.00, making a total of $2138.88. It is therefore apparent that title in this case was retained to secure payment of the entire purchase price.

The defendant gave to the plaintiff ample opportunity to reimburse it for the allowance

made for the "turned in station wagon" and it was only after his refusal to do so that the defendant invoked the insecurity clause and proceeded to repossess the property. In these circumstances it cannot be said that the defendant acted arbitrarily and a conclusion that it acted reasonably is cleary warranted.

Since we find no prejudicial error the report is ordered dismissed.

Israel N. Samuels of Boston, for the plaintiff.

Sherburne, Powers & Needham and Robert S. Jones of Boston, for the defendant.